Sxn

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

# RECEIVED

DONALD HAYWOOD (#R-47947),

        Plaintiff,

— VS —

WEXFORD HEALTH SOURCES, INC.; —And—
DR. CATHERINE LARRY; —And—
DR. CONRAD.; —And—
BETH A HART; —And—
Lt. JASON BERRY; —And—
Lt. CHARLES BEST; —And—
MAJOR HUNTER; —And—
LAKEISHA V. ACKLIN; —And—
TARRY WILLIAMS. —And—
JOHN BALDWIN.
        Defendants.

MAR 23 2016 ᴱᴬᴳ
3-23-16
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CASE NO _____

16-cv-3566
Judge Amy J. St. Eve
Magistrate Judge Sidney I. Schenkier
PC4

PLAINTIFF'S COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE
42 U.S.C. § 1983 FOR LEGAL AND INJUNCTIVE RELIEF.

Now Comes plaintiff, Donald Haywood (#R-47947), Pro
se, And For his complaint Against Defendant's Wexford
Health Sources, Inc., DR Catherine Larry, DR. Conrad, Beth A Hart,
Lt. Jason Berry, Lt. Charles Best, Major Hunter, Lakeisha V. Acklin,
Tarry Williams and John Baldwin, and states As Follows:

— 1 —

JURISDICTION AND VENUE

1. This Action is brought, in part, pursuant To 42 U.S.C. § 1983 For deprivation OF plaintiff's Constitutional Civil Rights; jurisdiction is Therefore appropriate Under 28 U.S.C. §§ 1331 and 1343. Injunctive relief and Monetary damages are authorized pursuant To 42 U.S.C. § 1983

2. The Claims asserted herein arose in The Northern District OF Illinois, and Venue is Therefore proper Under 28 U.S.C. § 1391 (b).

3. Plaintiff has Filed Many Grievances complaining OF These Continuing Constitutional Violations, seeking his Constitutionally protected MENTAL HEALTh Treatment and Associated Unconstitutional Living Conditions, and personally Notifying Defendants OF This Continuing Violations. Through These Grievances, he has Exhausted Any Required Administrative Remedies. Attached hereto and incorporated herein by Reference as EXHIBIT'S "A", "E", and "I", which are Grievance Numbers (4298), (2747) and (3420) and which is Three OF The Grievances Administratively Exhausted By Plaintiff For which Mental Health Treatment was Sought and denied Through The Fully Exhausted Grievance procedure.

## NATURE OF THIS ACTION

4. This is A Claim For Violation OF Plaintiff's Civil Rights as protected By The Eighth and Fourteenth Amendments OF The Constitution and Laws OF The United States under 42 U.S.C. § 1983, 1985 and 1986 For deliberate indifference by The Defendant's by and Through Their Failure To provide Adequate Mental Health Care and/or a Delay in providing Adequate Mental Health Treatment which has Caused Continuing HARM To plaintiff, Defendant's have Taken Steps OF "Retaliation" Toward plaintiff For Filing Grievances in his Attempt To Correct "unconstitutional Living Conditions" That Attributed To (oR) Frustrated his Mental Health Condition, Further, The "Mental Health Care provider's deliberately Attempt To Maintain plaintiff To "Maximum-Terms" OF Segregation, and "Fabricate Reports" proclaiming They Seen Plaintiff "Each-week" while in Segregation To provide Mental Health Treatment, None of which True, All designed To Keep Plaintiff "Segregated" and "Confined" so That he does Not have Contact with The Mental Health Care providers.

5. This is A civil Action For Declatory and Monetary damages and Injunctive Relief For Defendant's deprivation OF plaintiff's Rights by Their deliberate indifference To plaintiff's Serious Medical Needs, Resulting in plaintiff's

Continuing Unnecessary and Unreasonable Pain and Suffering.

Defendant's Continuous Failures To Treat Plaintiff's Serious Mental Illness ("SMI") Condition, and "Retaliatory Acts" Towards Plaintiff due To The provider's personal dislikes of Plaintiff For Filing Grievances Against Them and For Defendant's continuous Failures To Correct Known "Unconstitutional Living Conditions" That Affected Plaintiff's Well being and Mental Health Which Plaintiff Suffered While in Defendant's Care and Custody as an Inmate at Stateville Correctional Center ("Stateville"), Constitute Violations Of Plaintiff's Rights Under The Eighth Amendment To The Constitution Of The United States, Made Applicable To The States by The Fourteenth Amendment. U.S. Const. amends VIII and XIV.

## Parties

6. Plaintiff, DONAID HAYWOOD is A 30-year old Inmate Of The Illinois Department Of Corrections ("IDOC"). He is Currently Incarcerated at Stateville Correctional Center at P.O. Box 112, Joliet, Illinois (Will County), his Prison Registration Number is (R-47947), -- Plaintiff is Classified By The "IDOC" as An ("SMI") "Seriously Mentally Ill" Inmate, And Requires "Special Mental Health Care and Treatment".

7. Defendant WEXFORD Health Sources, Inc., ("Wexford") is A For-profit Corporation headquartered in Pennsylvania

-4-

Transacting business in Illinois. Wexford, pursuant to contract with the State of Illinois, is a healthcare provider for "IDOC" prisons throughout Illinois. At all material times, Wexford has been engaged in the practice of medicine and mental health treatment through it's contract with the Illinois Department of Corrections at Stateville Correctional Center where it has been the exclusive provider of mental health care and medical care for inmate's incarcerated at Stateville, including plaintiff. At all times relevant to the events at issue in this case, Wexford was responsible for the implementation, oversight, and supervision of policies and practices at Stateville and the IDOC generally. As an agent of IDOC, Wexford was at all times relevant to the events at issue in this case acting under color of law by and through it's lawful agents, including DR. Larry, DR. Conrad and Beth A. Hart.

8. Defendant CATHERINE Larry ("Larry") at all material times hereto has been a psychologist licensed to practice psychology in the State of Illinois and employed by Defendant Wexford Health Sources, Inc. as a mental health care provider to inmates at Stateville Correctional Center. Larry is an employee of Wexford and Final Policymaker for Wexford, and is responsible for all mental health care provided by Wexford and for ensuring timely and efficient

response to Inmate's Mental Health care Needs, The Creation, implementation, oversight and Supervision of Policies, practices and procedures regarding Mental Health care at Stateville, The Training of IDOC and Wexford Staff at Stateville on providing Mental Health care to prisoners, And providing prisoners with "Serious Mental Illness" to Mental Health care. Lowry is Sued in her individual capacity. At All material Times hereto, Lowry has been Acting under Color of State law and within The Scope of her employment.

9. Defendant Doctor Conrad ("Conrad") at all Material Times hereto has been A psychologist Licensed to practice Psychology in The State of Illinois and employed by Defendant "Wexford" Health Sources, Inc. As A Mental Health care provider to Inmates at Stateville Correctional Center. "Conrad" is An Employee of Wexford and Final Policy maker For Wexford, And is Responsible For all Mental Health care provided By Wexford and For ensuring Timely and efficient Response to Inmate's Mental Health care Needs, The Creation, implementation, oversight and Supervision of Policies, practices and procedures Regarding Mental Health care at Stateville, The Training of IDOC and Wexford Staff at Stateville on Providing Mental Health care to Prisoners, And providing prisoners with "Serious Mental Illness" to Mental Health care. "Conrad" is Sued

in his Individual Capacity. At All Material Times hereto, CONRAD has been Acting under Color of State Law and within The Scope of his employment.

10. Defendant Beth A. Hart, LCSW ("HART") at All Material Times hereto has been a "LCSW" (Social Worker 3) Licenced To practice in the State of Illinois and Employed By Defendant WexFord Health Sources, Inc. As A Mental Health Care provider To Inmates at Stateville Correctional Center. "HART" is An Employee of WexFord, and was responsible For All Mental Health care provided By WexFord and For ensuring Timely and efficient Response To Inmate's Mental Health CARE Needs at Stateville, "HART" was responsible For Inmates Mental Health Needs while Incarcerated in Segregation on A Weekly Basis at Stateville, "HART" is Sued in her individual Capacity. At All Material Times hereto, "HART" has been Acting under Color of State Law and within The Scope of her employment.

11. Defendant LT. Jason Berry, ("Berry") at all material times hereto has Been A (Crisis Team member) and employed By The Illinois Department of Corrections, And is Responsible For The Custody, Care and Safety of All Inmate's At Stateville Correctional Center, and Responsible For The Timely and efficient Response To Inmate's who Declare A "Crisis" who Are "Seriously Mentally Ill". "Berry" is Also Responsible To ensure (SMI) Inmates Serious Mental Health Needs are met in Accordance with "Crisis Intervention Services pursuant To "IDOC" Administrative Directive 04.04.100 §II (E)(3) and 04.04.102. "Berry" is Sued in

his Individual Capacity. At All Material Times hereto, "Berry" has been Acting under Color of State Law and Within The Scope of his employment,

12. Defendant LT. Charles Best, ("Best") at All Material Times hereto has Been The "Adjustment Committee - Chair-person" and employed By The Illinois Department of Corrections, and is Responsible For Conducting Adjustment Committee Hearings pursuant To "IDOC" Administrative Directive and Departmental Rules "20/504A and 04.01.114," Further, "Best" is Also Responsible For Contacting "witnesses" Necessary For The Accused Inmate To present evidence in his defense at The disciplinary proceeding, when The Inmate Requests That witness prior To Judgment in The disciplinary Proceeding. "Best" is Also Responsible To Ensure That ("SMI") Inmates who Receive A "Disciplinary Report" are Seen by a ("MHP") "Mental Health Professional", To Determine if his Mental-Illness "Contributed-To" The underlying behavior of The offense Prior To The Adjustment-Committee proceedings. "Best" is Sued in his Individual Capacity. At All Material Times hereto, "Best" has been Acting under Color of State Law and Within The Scope of his employment,

13. Defendant MAjor Hunter, ("Hunter") at All Material Times hereto was The "Supervising Commanding Officer" Over "F-House" at The Stateville Correctional Center, and is employed By The Illinois Department of Corrections, And is Responsible For The Custody, Care, Control - and - Safety of All Inmates within "F-House" And To Ensure

— 8 —

A 'SAFE and Healthy Living Condition and To ensure Inmates under his Supervision are Not exposed To unsafe Conditions, which Include, but Not Limited To Exposure to "Black-mold", "Asbestos", "Roaches", "spiders" and "Bird-droppings," ect. and Responsible To ensure That unsafe Conditions Are Corrected and Not Remain unsafe. "Hunter" is Sued in his Individual Capacity. At All Material Times hereto, "Hunter" has been Acting under Color of State Law and within The Scope of his employment.

14.   Defendant LAKeisha V. Acklin, ("Acklin") At All Material Times hereto was An "Adjustment Committee Member" and employed by The Illinois Department of Corrections, and she is Responsible For Conducting Adjustment Committee Hearings Pursuant To "IDOC" Administrative Directive and Departmental Rules '20/504A" and "04.01.114", Further "Acklin" is Also responsible For Contacting "witnesses" Necessary For The Accused Inmate To present evidence in his defense at The disciplinary proceeding when An Inmate Requests That witness prior To Judgment in The disciplinary proceeding. "Acklin" is Also Responsible To ensure ("SMI") Inmates who receive a "disciplinary Report" Are seen by An ("MHP") "Mental Health professional" To determine if his "mental-Illness" Contributed-To The "underlying behavior of The offense" prior To The Adjustment Committee proceedings. "Acklin" is Sued in her Individual Capacity. At All Material Times hereto, "Acklin" has been Acting under Color of Law and Within The Scope of her employment.

15. Defendant TARRY WILLIAMS, ("Williams") At All Material Times Was The Warden OF Stateville Correctional Center, And An Employee OF The Illinois Department OF Corrections, and was responsible For The implementation, oversight and supervision OF policies and practices at Stateville, Responsible For Review OF Disciplinary proceedings, and Responsible For The Care, Custody, Control and Safety OF Every Inmate Confined at Stateville Correctional Center. "Williams" is being Sued in his individual and official Capacities and Further at all material times hereto has been Acting under Color OF State Law and within The Scope OF his employment with The "IDOC."

16. Defendant Director John Baldwin, ("Baldwin"), is the Current Director OF The Illinois Department OF Corrections. "Baldwin" is Sued in his Official Capacity As The Director OF The IDOC. As Director OF The IDOC, "Baldwin" Acts under Color OF Law, Plaintiff, Asserts Only Claims For "Injunctive Relief" against Baldwin.

## FACTS

17. Prior To 10/1/14 plaintiff Donald Haywood, Who is "Classified" as An ("SMI") "Seriously Mentally Ill" Inmate had Not Been Seen By Any Mental Health Professional ("MHP") For over ($2\frac{1}{2}$) To (3)-Months despite plaintiff's Multiple Requests To be Seen While incarcerated in Segregation.

18. The assigned (MHP) "DR. Larry" Would NOT Make her assigned Weekly Rounds of Segregation TO See "SMI" Inmates, and ON The occasions That "DR. Larry" did Make Rounds iN The Segregation uNit, DR. Larry Would "deliberately" bypass And Avoid The Cells with SMI-Inmates That she had a personal dislike For, This, By-passing Was Witnessed By "Numerous" persons Assigned TO "F-House" As it Became Larry's Customary practice TO Avoid What she Considered problem Inmates.

19. PlaintiFF Filed Numerous Letter's TO The Wardens and other prison officials For AssistaNce iN obtaining Mental Health Care. (See Attached)

20. PlaintiFF Filed his Grievance (#9298) ON 10/29/14 Due TO The Lack of Mental Health Care and NOT BeeNg Seen By "Larry" As PlaintiFF Was Suffering From Mental Health Issues. (See: EXHIBIT "A") As he had NOT Been Seen For literally MoNths.

21. Counselor "Kim Duvall" Received a Response From "Larry" TO The Grievance Who Claimed That The offender has been Seen Weekly By Mental Health as loNg As he is iN Seg, and Alleged plaintiFF was Seen ON 11-17-14 and 12-2-14, By a New Provider. (See: EXHIBIT "A") -- PlaintiFF Responded TO The Counselor By Writing iN The (Relief Requested space): That Grievant waNts To be Seen By SomeoNe, I don't care Who it is, I disagree with What DR. Larry is Saying TO Counselor Duvall, Today is The 18th and No oNe has Seen Me yesterday OR The other day. (See: EXHIBIT "A").

-11-

22. Here, Even Though plaintiff clearly pointed out he had NOT BEEN SEEN on Those dates either By "Dr. Larry" OR Anyone, The Grievance Officer and "Williams" concurred with The Findings. (see: EXHIBIT "B") and which Administrative Remedy was Exhausted. (See: EXHIBIT "C")

23. Plaintiff's (MHP) "Dr. Kelly" informed plaintiff That Due To his Severe Mental Illness That Anytime That he Began Suffering From emotional-stress With The overbearing Feelings of Feeling "helpless and hopeless, Sullen (OR) dejected" To Ask For A "Crisis-Team" member Before "Acting-out".

24. On 6/11/15 plaintiff informed "Sgt. Houston" That That he was Feeling "helpless and Hopeless" And Requested To see A "Crisis Team member", "Berry" As A Crisis Team member Responded And Asked plaintiff if he was Thinking Of harming himself Or Others", which plaintiff Denied. (see: EXHIBIT "D"). And Because plaintiff did Exactly As his (MHP)-Dr. Kelly Instructed him To do, And Because "Berry" had NOT Been Adequately Trained in dealing with "SMI" Inmates, "Berry" wrote plaintiff An Offender Disciplinary Report" (see: EXHIBIT "D"), In which plaintiff Filed A Grievance (see: EXHIBIT "E") (#2747) Claiming First Plaintiff Asserted That "Sgt. Houston" Should have written Any disciplinary Report and Not "Berry" if Any was Justified, and That "Berry" (presumed) That's Not what "Sgt. Houston" Told "Berry", So, No False Information To An employee For Rule 303 Can be Substantiated as Being given to "Berry", Nor For a Violation OF Rule 310, where in Fact The (MHP)("Dr. Kelly") To Ask For A Crisis Team. This Grievance was Exhausted (see EXHIBITS "F" and "G")

25. On 6/16/15 Plaintiff Was Seen By The Adjustment Committee Members "Best" and "Acklin", Plaintiff Informed The Committee Members That he was Instructed By Mental Health Doctor Kelly To Ask For a Crisis Team Member When he Felt helpless and Hopeless, Sullen and Rejected By Staff Instead Of Acting-Out.

26. Neither "Best" NOR "Acklin" Contacted Dr. Kelly To determine what he had Instructed Plaintiff To do, which was a Requested Witness, And Violated Disciplinary Procedures

27. Further, "Dr. Lovvy" In Retaliation For Plaintiff Filing Grievances Against her, Recommended To The Committee That Plaintiff Receive The "maximum-term" Of Segregation of (3)-Months (see: Exhibit "L") When The Committee determined That NO Segregation time was warranted (see: Exhibit "K") And "Williams" On 6/22/15 Adopted The Recommendations Of The Committee and denial Of Due Process By Not Contacting Witnesses. (see: Exhibit "K")

28. Plaintiff On 6-30-15 provided his Counselor "Kim Duvall" With a Grievance Exposing Plaintiff To "Black-Mold" and other "Substances" That Contributed To Unconstitutional Living Conditions That had Adverse Effects On Both Plaintiff's "Health" and "Mental Health", Such as Infestations Of Roaches, Spiders, and Knats and other Insects That Effected Plaintiff's Breathing, Preventing Sleep, and having A disturbing Effect On Plaintiff's Mental Health. (see: Exhibits "H", "I" and "J"), Which "Hunter"

-13-

Ignored. Said Grievance was Exhausted Regarding The Unconstitutional Living Conditions.

29. On 9/1/15 while in The Health Care Unit, Plaintiff was involved in A Fight and was issued an Offender Disciplinary Report To which Plaintiff plead Guilty, "Hart" in Retaliation For Filing Grievances Recommended That Plaintiff Receive (3)-months Segregation in excess of The (1)-month Segregation recommended By The Adjustment Committee. (see: Exhibit's "M" and "N")

30. On 1/6/16 Plaintiff Filed a written Complaint To The Mental Health Supervisor and Warden of Programs Regarding "Conrad's" deliberate indifference to Plaintiff's Serious Mental Health Condition and Treatment at Stateville, Seeing Dr. Conrad on 12-1-15 For The First Time After Not Seeing anyone For Months, and in Furtherance of Retaliation and in Joint Conspiracy with other Named Defendants "Conrad Proclaimed That she would "D.C" Plaintiff's Mental Health Medications and That "She Chooses Friendship over her Job" (see: Exhibit "O")

31. The defendant's "Conrad", "Hart" and "Larry" have Jointly (or) Individually made efforts in "Retaliation" For Filing Grievances and Complaints Against Them, To have other Hospital Staff members or Crisis team members To write Numerous Disciplinary Reports Against Plaintiff and Recommend Maximum terms of Segregation As a "Practiced" Means of egregious Punishment For Their personal Retaliation Against Plaintiff That is

-14-

peuvent la vérifier

UNjustified and unwarranted, As Can be verified By The "Pattern of misconduct" and "Repeated" disciplinary Reports and Segregation Recommendations, (See: Exhibits "O", "R", "S", "T", "U" and "V"), (Noting: There are over a hundred more documents That should be Reviewed by An Attorney That may be relevant to This Issue)

32. On 1/29/16 plaintiff was physically Assaulted By Sgt. Grant, B-House staff and others have made Numerous efforts To Retaliate Against plaintiff For weeks That Led-up to This Assault, plaintiff Fears Further Retaliation. (See: Exhibit "P"), plaintiff has reported The Assault, and Even Though it occurred in Front of A Camera and in The presence of other Inmate's No Action has Been taken other than The Continuation of harrassment and Retaliation Against plaintiff For Filing his written Complaints and Grievances Against Defendants

33. On 8/12/14 "Hart" made a False Report That She made Mental Health Segregation Rounds in "F-House" and saw plaintiff, This is verified By Numerous witnesses and The Fact That She erroneously Falsely prepared an "Evaluation of Suicide potential" on 8/13/14 (See: Exhibit "Q") "Hart" made A "practice" of Avoiding and Bypassing problem Inmate's, and Not Seeing Them and writing False Reports As IF She had Seen The Seriously Mentally Ill Inmate.

34. Plaintiff has suffered Severe Delay's in obtaining Mental Health Treatment For Months at a Time Despite his Repeated Requests For Treatment, And The deliberate Neglect in Mental Health Treatment is continuing to occur. Defendants have continued To Act with deliberate indifference To Plaintiff's Serious Mental Illness Issues

35. For over (3)-years Now, Plaintiff has Made "repetitive complaints" of "Total Neglect" in "Mental Health Treatment" Required By Policy, Practice and procedure.

36. The Mental Health Treatment has Not Been effective in Treating his diagnosed "SMI" condition due To The "Retaliatory Actions" By defendants Towards Plaintiff For Filing Grievances Against Them.

37. Defendant Wexford's policies and procedures Specify Required Treatment For "Seriously Mental Illness" (SMI) Inmates.

38. For over (3)-years Plaintiff has Sustained and Suffered ongoing, continuing and Recurring Delay in Mental Health Treatment.

39. Defendant's have repeatedly Made efforts To wrongly punish Plaintiff By Recommending Extended and Excessive Segregation as punishment in Retaliation For his written complaints and Grievances Against Them.

40. Defendant's have denied plaintiff Due Process in Disciplinary proceedings By Failing To Contact Named witnesses.

41. Defendant's Failure To Correct Unconstitutional Living Conditions That had An Adverse effect on plaintiff's Mental Health and Health Concerns was deliberately Indifferent To Serious medical Needs

## Count - I

### 42 U.S.C. § 1983 - Delay in mental Health Treatment (Eighth Amendment) Claim Against Wexford, Larry, Conrad, Berry and Hunter

42. Plaintiff adopts And incorporates Paragraphs 1-41 herein By reference as if Fully restated herein.

43. "Larry", "Conrad" and "Berry", during pertinent Times previously stated Committed one or more of the Acts of Deliberate Indifference and reckless disregard of Plaintiff's Serious mental Health medical Needs.

44. And, As A direct and proximate Result of one or more of The Foregoing Acts of deliberate indifference and Reckless in Unreasonable Delay in Treatment of plaintiff's mental Health Needs, Plaintiff was Caused and Continues To Suffer Undue Mental Torture and Pain and disability and loss of A Normal life. plaintiff has been and Continues To Suffer and be deprived of Rights, Privileges

and immunities guaranteed by The Eighth Amendment To The United States Constitution, and specifically Subjected To Cruel and unusual Punishment.

WhereFore, plaintiff Respectfully requests This Court enter judgment in his Favor and Against defendants For an Amount in excess of $100,000.00 in Compensatory and Punitive damages, injunctive Relief Compelling defendants To Stop unnecessary and deliberate delay in Mental Health Treatment, and provide Medically Necessary Treatment, costs and Attorney's Fee's due Under The Civil Rights Statutes and Federal Rules oF Civil procedure, and grant any other Relief This Court deems Just and Appropriate.

## Count - II

42, U.S.C. § 1983 - Denial of Mental Health Care While in Segregation (Eighth Amendment) Against Wexford,

45, plaintiff Adapts and incorporates herein paragraphs 1 - 41 herein by reference as iF Fully restated here.

46. Defendant Wexford has, at pertinent Times hereto, certain policies, procedures and practices in effect at Stateville which were Consciously and deliberately indifferent To The Serious medical Needs of Seriously mentally Ill Inmates incarcerated here, including plaintiff, specifically policies, procedures and practices;

  a.) To ignore inmate's Serious mental Health Needs which might Require Treatment;

b.) To utilize "Segregation" as a means to control "SMI" inmates;

c.) To recommend "Extended" and "Excessive" segregation time for "SMI" inmates for minor disciplinary infractions;

d.) Not to provide enough mental health professionals to evaluate and treat inmate's serious mental health needs at Stateville;

e.) To persistently provide inadequate and effective mental health care and treatment;

f.) Not to document certain inmate complaints that reflect clinical signs, patterns, and symptoms of mental illnesses which Wexford, and the IDOC wardens and directors, by way of their policies, procedures and practices, would not diagnose and treat, but house under segregation status instead of treat as mental illness; and,

G.) To be otherwise deliberately indifferent to inmates serious medical needs.

47. As a direct and proximate result of one or more of the foregoing acts of deliberate indifference, such acts and conduct having been caused by Wexford's policies, procedures and practices, plaintiff was caused to suffer undue pain and discomfort, disability and loss of normal life. Plaintiff was

—19—

Thereby deprived of rights, privileges and immunities guaranteed by The Eighth and Fourteenth Amendments to The United States Constitution, specifically suffered cruel and unusual punishment.

WHEREFORE, plaintiff Respectfully Requests This Court enter Judgment in his Favor and Against Wexford Health Sources, Inc. For an Amount in excess of $100,000.00 in Compensatory and Punitive damages, Costs and Attorney's Fee's as stated in Count-I, and any other Relief The Court deems Just and Appropriate.

<u>Count -III</u>

<u>Respondeat Superior Against Defendant Wexford</u>

48. Plaintiff Adopts paragraphs 1-47 herein by reference as if Fully restated here.

49. In The Last (3)-years, Plaintiff has Filed Numerous Complaints and Grievances Against Wexfords Agents and Employee's For Failing To Provide Mental Health Treatment, Delay in Providing Treatment and/or For deliberate Acts of Retaliation For Filing Complaints And Grievances Against Wexfords Agents and Employee's, including, "Larry", "Conrad" <u>And</u> "Hart" who Committed one or more of The Following Acts of Deliberate Indifference and Reckless disregard of The Serious Medical Needs of Plaintiff or For Retaliation:

a.) Ignored Plaintiff's Serious Medical Need of Mental Health Treatment;

— 20 —

b.) Failed to provide Necessary Mental Health professionals and Other personel to properly evaluate and Treat Plaintiff's Serious Medical Need of Serious mental ILLNESS;

c.) Provided iNAdequate and iNEFFective mental Health Care and Treatment;

d.) was deliberately indiFFerent To plaintiff's serious medical Needs, including his continious complaints of Not being seen or Treated For months at a time By ANyoNe;

e.) By Allowing it's employee's To use "Segregation" as a means of Controlling The Movement and Access oF "SMI" INmates To Mental Health Treatment

e.) By Allowing it's employee's To Recommend "Extended" and "Excessive" Terms of Segregation as a means of "Retaliation" For plaintiff Filing complaints and Grievances Against Them For Their Non-Treatment of plaintiff

50. Wexford is Liable For The Actions of its employee's Acting within The Scope of Their employment under state Law.

51. Wexford, as a private Corporation Acting under Color of state Law, Should additionally be held liable under 42 U.S.C. Sec. 1983 For The Conduct of its employee's Acting within The Scope of Their employment, See: Shield V. ILL. Dep't of Corr. 745 F.3d 782, 793-95 (7th Cir. 2014).

52. As A direct and proximate result of ONE or More of The Foregoing Acts of deliberate indifference and/or Retaliation, plaintiff was caused undue pain and suffering, disability and loss of Normal Life by The eregious and deliberate Acts of wexford's employee's and Thereby deprived plaintiff of his Rights, privileges and immunities guaranteed By The Eighth and Fourteenth Amendments To The United States Constitution, specifically plaintiff was subjected To Cruel and Unusual punishment.

WHEREFORE, plaintiff Respectfully requests This court enter judgment in his Favor and Against Wexford Health Sources, Inc. For The Acts of its employee's For an Amount in excess of $100,000.00 in compensatory and Punitive damages, costs and Attorney's Fee's as stated in Count-I and Any other relief This court deems Just and Appropriate.


Count-IV

42 U.S.C § 1983- Denial of Due process (Eighth And Fourteenth Amendments) Against "Hart", "Berry", "Best" "Acklin", "Williams" and "Baldwin".


53. plaintiff Adopts and incorporates paragraphs 1-52 herein by Reference as if Fully restated here.

54. As described more Fully Above, Defendants had Notice of plaintiff's Serious Mental Health Needs and The

Seriousness of Those Mental Health Needs, and defendants Knew The Risk of Continuing The Neglect in Treatment and of The Risk of Continuing and immediate harm to plaintiff if he did Not Receive Appropriate Mental Health Treatment, Thus, when plaintiff would Act irrationally due To his mental Illness and Ask For a Crisis Member as Instructed By The Mental Health professional "Dr.Kelly", When a staff Member Subjected plaintiff To an "Offender Disciplinary Report", it was defendants Responsibility To ensure plaintiff was seen By a Mental Health professional To determine if his Severe Mental Illness" Contributed To the offense, and it was defendant's Responsibility To Contact Requested witnesses at disciplinary proceedings, and defendant's Failure To do so violated The plaintiff's due process Rights under The eighth and Fourteenth Amendments.

55. As a Result of Defendants Unjustified and unconstitutional Conduct, plaintiff has experienced and continues To Suffer pain and injury.

56. The misconduct described in paragraphs 1-55 herein By Defendant's was objectively unreasonable and was undertaken intentionally, with malice and/or with reckless indifference To plaintiff's Rights.

57. Accordingly. In Addition To money damages, plaintiff Seeks Injunctive Relief From This Court To stop The continuing Constitutional Violations and To provide due process and Adequate Mental Health Treatment.

-23-

56. Upon information and Belief, The above-described widespread policies and practices, so well settled as to constitute de Facto policy at Stateville, were able to exist because Defendants were deliberately indifferent to the problems, effectively Ratifying Them. In This way, Defendant's Violated Plaintiff's Rights by Maintaining Policies and practices That Were The Moving Force driving The Foregoing constitutional Violations.

57. Defendant's directly caused The very Type of Misconduct at Issue in This case by Failing To provide adequate Training and Supervision of healthcare and Correctional employees. Further, Defendant's Failure To adequately discipline Prior Instances of of Similar conduct directly caused The very Misconduct at Issue.

58. Defendant's Continue To This day To Refuse To provide plaintiff with Constitutionally adequate Mental Health care and To comply with Their expressed policies, despite Their clear Knowledge of plaintiff's Serious Mental Illness and Medical Needs and Their appreciation of Risk of immediate and Continuing harm That Their refusals To Act pose To plaintiff.

WHEREFORE, Plaintiff Respectfully Requests This Court enter Judgment in his Favor Against defendants Named Above For Compensatory and Punitive damages in excess of $100,000.00 and Injunctive Relief That The Court deems Appropriate; and Further order That defendant's pay for due Attorney's Fee's and Costs under The civil Rights Statute and Federal Rules of civil procedure; and Any other Relief This Court deems Just and Appropriate.

CLAIM – V

42 U.S.C. § 1983 (Eighth and Fourteenth Amendments) By Unconstitutional Living Conditions Against "Hunter", "Williams" And Baldwin

59. Plaintiff Adopts and incorporates paragraphs 1–58 herein By Reference as iF Fully Restated herein.

60. As described More Fully Above, Defendant's "Hunter", "Williams" and "Baldwin" had "Notice" oF The unconstitutional Living Conditions That plaintiff was subjected To, including but Not Limited To, exposure To "Black-Mold", and other substances on The walls oF his cell, including Human excretions and Food ejaculations, an infestation oF Roaches, spiders and Knats and other insects That effected plaintiFF's Breathing, swarmed his Food and prevented sleep and had a direct effect on his Mental Health.

61. Defendant's subjected plaintiff To well over a Year To These unconstitutional Living conditions, exposing plaintiff To This "Toxic Environment" Known To cause cancer and "respiratory problems" by prolonged Exposure, and deFendant's were deliberately indifferent To plaintiFF's serious Medical and Mental Health Needs, and deFendant's "inaction" was undertaken intentionally, with Malice and/or with Reckless indifference To plaintiFF's Rights.

62. plaintiFF suFFered injuries That were proximately caused by The deliberate Acts oF deFendants, and Total deliberate indifference and Reckless disregard, plaintiFF was caused and continues To suFFer undue pain, disability

and loss of a normal life. Plaintiff has been and continues to be deprived of Rights, Privileges and immunities guaranteed by the Eighth Amendment to the United States Constitution, specifically subjected to Cruel and Unusual Punishment.

WHEREFORE, Plaintiff Respectfully Requests this Court enter Judgment in his Favor and Against defendants "Hunter", "Williams" and "Baldwin" For Compensatory and punitive damages in excess of $100,000.00, and order Injunctive Relief that the court Deems Just and Appropriate to Correct the Unconstitutional Living conditions, and order defendants to Pay Due Attorney Fee's and Costs under the Civil Rights Statutes and Federal Rules of Civil procedure, and grant Any Further Relief the court deems just and Appropriate.

## Count — VI

42 U.S.C. § 1983 (Eighth Amendment) Claim of Retaliation against "Lavoy", "Hart", "Conrad" and "Berry" For Filing Grievances Against them, As well as other Named Defendants

63. Plaintiff Adopts and incorporates paragraphs 1-62 herein by reference as if fully restated here.

64. As described more fully above, Defendant's "Lavoy", "Hart", "Conrad", "Berry", "Best", "Acklin", "Hunter", and "Williams" engaged in Conspiracy (or) individually in a clear pattern of "Retaliation" against Plaintiff For Filing Complaint's and Grievances Against Said defendants, including but Not Limited to Invoking Staff to write Offender Disciplinary Reports" Against Plaintiff For Doing what "Dr. Kelly" informed Plaintiff to do, Recommending "extended" and "Excessive" Segregation to wrongly punish Plaintiff

· in Retaliation For Filing Complaints To Their Superiors For Their deliberate Acts of Neglect and Failure To provide Mental Health Treatment.

65. Plaintiff suffered Injuries due to The deliberate Acts of Malice and Misconduct in Retaliation By defendants, where defendants Wrongly used Segregation and False disciplinary Reports To confine plaintiff To Segregation so That They could Avoid contact with plaintiff and Not Treat his "Severe mental Illness" Medical Needs.

WHEREFORE Plaintiff Respectfully Requests This court To enter Judgement in his Favor and Against Defendants For Compensatory and Punitive damages in Access of $100,000.00, including Attorney's Fee's and Costs and Any Further Relief The Court deems Just and Appropriate.

## Jury Demand

Pursuant To Rule 38(b) of The Federal Rules of Civil Procedure, Donald Haywood Requests a Trial By Jury on All claims and issues Triable By Jury.

Dated: This 17th day of March, 2016

Respectfully Submitted,

Donald Haywood R47947
Donald Haywood (SMI-Inmate)
Stateville Correctional Center
P.O. Box 112
Joliet, Illinois 60434

Russell Ainsworth
Steve Art
Ruth Z. Brown
Roshna Bala Keen
Vincenzo Field
Julie Goodwin
Sarah C. Grady
Gretchen E. Helfrich
Gayle Horn
Michael Kanovitz
Heather Lewis Donnell
Arthur Loevy
Jon Loevy

# LOEVY & LOEVY
## ATTORNEYS AT LAW

312 N. May Street
Suite 100
Chicago, Illinois 60607

Debra Loevy-Reyes
Elizabeth Mazur
David B. Owens
Scott Rauscher
Elliot Slosar
Rachel Steinback
Anand Swaminathan
Tara Thompson
Matthew V. Topic
Cindy Tsai
Daniel Twetten
Elizabeth Wang

Telephone 312.243.5900
Facsimile 312.243.5902

Website www.loevy.com
Email loevylaw@loevy.com

July 6, 2015

CONFIDENTIAL LEGAL CORRESPONDENCE

Re:     Your request for legal representation

To Whom It May Concern:

This letter is to inform you that after reviewing your file, we are unfortunately unable to take your case.

Please be advised that there are time limitations that govern the period in which a claim or lawsuit may be filed. Such time periods depend on the cause of action you may wish to pursue. However, we encourage you to follow up with other attorneys immediately to ensure that all legal rights are fully explored and protected.

We appreciate your decision to contact us, and wish you the best of luck in pursuing your claims.

Sincerely,

Loevy & Loevy



Paul B. Ankin
Howard H. Ankin
Telly J. Liapis
Scott G. Goldstein

Ankin Law Office LLC

162 West Grand Avenue
Chicago, Illinois 60654
T: 312.600.0000

Derek S. Lax
Jon M. Topolewski
Joshua E. Rudolfi

Justin R. Lewicky
Jill B. Wagner
Alexandra W. Sternberg
Melody Gomez
Liliana P. O'Shea

December 17, 2015

Mr. Donald Haywood
P.O. Box 112  #R42942
Stateville Corrections
Joliet, IL  60434

RE:    Legal Inquiries

Dear Mr. Haywood:

This letter follows your inquiry to our office.  We are confirming that our office did not accept your potential case and we are performing no legal work on your behalf.  As a result, at no point have we undertaken an attorney/client relationship

You should know that all cases are subject to time constraints which could bar a case if it is not brought in a timely manner.  This is known in the law as a statute of limitations.

My office has not been able to fully consider the merits of your potential case or investigate and research the dates in which your potential case may expire.  Accordingly, we have provided you with no opinions concerning the outcome of your potential case or the time in which you have to pursue it.  You should act now if you are going to pursue your legal matter.

The telephone number for the Chicago Bar Association attorney referral service is (312)554-2000.  The number for the Illinois State Bar Association attorney referral service is (217)525-5297.

Thank you for contacting us with your legal questions.  There is never a charge to ask us a legal question.  Enclosed is my business card in the event that you may need to call us in the future.

Very truly yours,

Howard H. Ankin

HHA/ih

www.ankinlaw.com
F: 312.346.8781
For injury law the choice is simple

CHICAGO   LOS ANGELES   NEW YORK   WASHINGTON, DC

JENNER&BLOCK LLP

April 24, 2015

Donald Haywood
IDOC #: R47947
Stateville Correctional Center
P.O. Box 112
Joliet, IL  60434-0112

Dear Mr. Haywood:

I co-chair the pro bono committee at Jenner & Block. I received a copy of your letter requesting pro bono representation.  However, after carefully reviewing your request, we have determined that Jenner & Block will not be able to represent you.

Each year Jenner & Block receives hundreds of requests for pro bono representation. Unfortunately, because of the tremendous volume of requests we receive, we are simply not able to undertake each one.

Sincerely,

Andrew W. Vail
Co-Chair, Pro Bono Committee



**UPTOWN PEOPLE'S LAW CENTER**
4413 NORTH SHERIDAN • CHICAGO, IL 60640
PHONE: 773.769.1411 • FAX: 773.769.2224

March 4, 2015

**Privileged Legal Correspondence**

**Donald Haywood**
R47947
Stateville Correctional Center
P. O. Box 112
Joliet, Illinois 60434
«City», «State» «Zip»

Re: Mental Health Treatment

Dear Mr. Haywood

We are writing you because you recently wrote us to complain about the treatment you are (or are not) receiving for your mental illness. We have received similar letters from dozens of other prisoners, from prisons throughout Illinois.

Because of all the letters we received on this issue, we have joined with Equip for Equality (a not-for-profit organization in Chicago, which focuses on the rights of people with disabilities), and two Chicago firms. To file a class action case challenging the way the Department, as a whole, deals with prisoners with mental illness. That case is currently pending in the United States District Court for the Central District of Illinois. While we have asked for class certification, the judge has not certified a class; therefore, at this time, it remains a case filed on behalf of several individuals. That case does not ask for damages for members of the class; it only asks that the Court enter an order changing the system as a whole.

***We will not be able to bring a separate case on your behalf.*** If you feel you have claims for damages, you will have to pursue that separately. There are, of course, many deadlines, which must be met. While we have not investigated your case, and therefore can not give you advice about what the deadlines are in your particular matter, in general, you have to have exhausted all administrative remedies (even if you think it is pointless), including filing a timely appeal to the ARB in Springfield. In addition, the general statute of limitations for civil rights complaints in federal court are two (2) years. There are various exceptions to these rules, and we do not know whether they apply to you. However, you should not delay.

We thank you for sharing your information. Please keep us advised of any new developments. Without information from people like you, we would never have brought this case.

Sincerely,

Uptown People's Law Center

 **DENTONS**

Harold C. Hirshman
Partner

harold.hirshman@dentons.com
D  +1 312 876 8025

Salans FMC SNR Denton
dentons.com

Dentons US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606-6404 USA

T  +1 312 876 8000
F  +1 312 876 7934

January 26, 2015

**Privileged Legal Correspondence/Do Not Open Except in Inmate's Presence**

Donald Haywood, R47947
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434

Dear Mr. Haywood:

We wanted to let you know that we did receive and read your letter dated January 14, 2015 asking for assistance in a matter other than the *Rasho* class action. Unfortunately, because of our involvement in the *Rasho* matter, we are not able to represent you.

Sincerely,

Dentons US LLP

By:
Harold C. Hirshman

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

F125

| Date: 10-22-14 | Offender: (Please Print) Donald Haywood | ID#: R47947 |

| Present Facility: Stateville correctional center | Facility where grievance issue occurred: Stateville CC |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ ADA Disability Accommodation
☐ Staff Conduct    ☐ Dietary    ☑ Medical Treatment    ☐ HIPAA
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☑ Other (specify): Mental health

☐ Disciplinary Report: ____/____/____
      Date of Report           Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     Chief Administrative Officer, only if EMERGENCY grievance.
     Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
     administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
     Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): the last 30 I told Larry I was home before Larry from the mental Health, but was when saw me Dr. Larry Rankin I have not been in 25 month or months in Stateville #1 it's going on a month, I have issues I need to talk to someone it is very important if she dont want to see me then she need to hand my name to another person who have time

Relief Requested: I want to be seen by someone I dont care who it is, I dis-agree with what Dr. Larry is saying to counselor Duvall, today is the 18th and no one has saw me yesterday or the other day

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Donald Haywood      R47947      Nov 22, 14
     Offender's Signature           ID#           Date

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)

4208

| Date Received: 11, 26, 14 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: Dr. Larry responded on 12-17-14: Offender has been seen weekly by mental health as long as he's in Seg. He was also seen on 12-17-14 and 12-2-14 by his new provider.

Kim Duvall      Kim Duvall      12/17/19
Print Counselor's Name      Counselor's Signature      Date of Response

---

**EMERGENCY REVIEW**

| Date Received: ____/____/____ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____    RECEIVED    _____
Chief Administrative Officer's Signature          Date

Distribution: Master File; Offender          Page 1    JAN 9 2015      DOC 0046 (8/2012)
         Printed on Recycled Paper
         Office Of Inmate Issues

(EXHIBIT "A")

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

Distribution: Master File; Offender

DOC 0046 (8/2012)

F125

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

| Grievance Officer's Report | | |
|---|---|---|
| Date Received: 12/18/14 | Date of Review: 12/30/14 | Grievance # (optional) 4298 |

Committed Person: Donald Haywood

ID#: R47947

Nature of Grievance: Mental Health Issues

Facts Reviewed: Grievant claims on a grievance written 10/27/14 that he needs to be seen by mental health and has not been since for the past two and half months. He wants to see someone in mental health.

Per Counselor Duvall, Dr. Larry responded on 12/17/14, offender has been seen weekly by mental health as long as he is in segregation. He was also seen on 11/17/14 and 12/2/14 by his new provider.

Recommendation: No action as grievant appears to be receiving mental health care.

Anna McBee, CCII
Print Grievance Officer's Name
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

Grievance Officer's Signature

---

| Chief Administrative Officer's Response | | | |
|---|---|---|---|
| Date Received: 12/30/14 | ☒ I concur | ☐ I do not concur | ☐ Remand |

Comments:

Larry Williams
Chief Administrative Officer's Signature

12/31/14
Date

---

**Committed Person's Appeal To The Director**

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Committed Person's Signature

RECE... R47947
JAN 9 2015
ID#

1-8-15
Date

Distribution: Master File, Committed Person

**Office Of Inmate Issues**
Page 1
Printed on Recycled Paper

DOC 0047 (Eff. 10/2001)
(Replaces DC 5657)


(EXHIBIT "B")



**Illinois**
Department of
**Corrections**

**BRUCE RAUNER**
Governor

**GLADYSE C. TAYLOR**
Acting Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

Offender Name: _Haywood Donald_          Date: _7/20-15_

Register # _R 49947_

Facility: _Stateville_

This is in response to your grievance received on _1/9-15_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _10/27-14_ Grievance Number: _4298_ Griev Loc: _Stateville_

O Transfer denied by the Facility or Transfer Coordinator

O Dietary _____

O Personal Property _____

O Mailroom/Publications _____

O Assignment (job, cell) _____

O Commissary _____

O Trust Fund _____

O Conditions (cell conditions, cleaning supplies)

O Disciplinary Report dated _____
Incident # _____

Ⓞ Other _Medical- allege not seen by mental health for 2 1/2 months_

Based on a review of all available information, this office has determined your grievance to be:

O Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

O Denied, in accordance with DR504F, this is an administrative decision.

Ⓞ Denied, this office finds the issue was appropriately addressed by the facility Administration.

O Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

O Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

O In addition, property items are to be disposed of in accordance with DR501C.

O Denied as the facility is following the procedures outlined in DR525.

O Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

O Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

O Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

O Denied as the security staff are following the established schedule for dispensing cleaning supplies to the offender when possible.

Ⓞ Other: _Offender's grievance was addressed appropriately by Dr. Larry_

FOR THE BOARD: _Billie W. Greer_          CONCURRED: _Gladyse C. Taylor_
Billie W. Greer                                        Gladyse C. Taylor
Administrative Review Board                    Acting Director  _7/28/15_

CC: Warden, _Stateville_ Correctional Center
_Haywood Donald_, Register No. _R47947_

( EXHIBIT C )

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Report**

STATEVILLE CORR CENTER

Facility

Date: JUNE 12, 2015

**Type of Report:**
☒ Disciplinary  ☐ Investigative

Offender Name: **HAYWOOD, DONALD**          ID #: R47947

Observation Date: 6/11/2015   Approximate Time: 6:30   ☐ a.m. ☒ p.m.   Location: UNIT F

Offense(s): DR 504:   **303: GIVING FALSE INFORMATION TO AN EMPLOYEE 310: ABUSE OF PRIVILEGES**
(Offender Handbook p #43 Section H- Mental Health Services)

**Observation:** (NOTE: Each offense identified above must be substantiated.) ON THE ABOVE DATE AND APPROXIMATE TIME THE FOLLOWING INCIDENT OCCURRED/OBSERVED—THIS REPORTING LIEUTENANT WAS INFROMED BY SGT. HOUSTON THAT OFFENDER R47947 HAD EXPRESSED VERBAL THOUGHTS OF HARMING HIMSELF AND WAS REQUESTING A CRISIS TEAM MEMBER. AS THIS LIEUTENANT WAS INTERVIEWING HAYWOOD HE (HAYWOOD) STATED TO THIS REPORTING LIEUTENANT THAT HE WANTED TO SEE A MED-TECH CONCERNING AN ONGOING MEDICAL ISSUE. OFFENDER HAYWOOD STATED THAT HE HAD BEEN REQUESTING A MED-TECH SINCE 11:00AM AND THAT THE 7-3 SHIFT STAFF HAD IGNORED HIS REQUEST. THIS REPORTING LIEUTENANT ASKED OFFENDER HAYWOOD IF HE WAS THINKING OF HARMING HIMSELF OR ANYONE ELSE. OFFENDER HAYWOOD DENIED THAT HE WAS THINKING OF HARMING HIIMSELF OR ANYONE ELSE. OFFENDER HAYWOOD THEN DENIED THAT HE HAD TOLD SGT. HOUSTON THAT HE WAS THINKING OF HARMING HIMSELF OR ANYONE ELSE. HAYWOOD WAS ATTEMPING TO SEE A MED-TECH BY USING A CRISIS TEAM MEMBER. HAYWOOD IDENTIFIED BY INSTITUTIONAL GRAPHICS PHOTO. REPORT STANDS AS WRITTEN. END OF REPORT

☐ Check if Offender Disciplinary Continuation Page, DOC 0378, is attached to describe additional facts, observations or witnesses.

| LT. J. BERRY K3-72 | 2528 | | 6/12/2015 | 8:00 | ☐ a.m ☒ p.m. |
|---|---|---|---|---|---|
| **Reporting Employee (Print Name)** | **Badge #** | **Signature** | **Date** | **Time** | |

**Disciplinary Action:**

**Shift Review:** ☐ Temporary Confinement   ☐ Investigative Status   Reasons:_____

Printed Name and Badge #      Shift Supervisor's Signature      Date
                              (For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer   Comment:_____

☒ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ Minor Infraction, submitted to Program Unit

GVIS #611

Print Reviewing Officer's Name and Badge #      Reviewing Officer's Signature      10-12-15

☒ Hearing Investigator's Review Required (Adult Corrections Facility Major Reports Only):

F. MILSAP  5058

Print Hearing Investigator's Name and Badge #      Hearing Investigator's Signature      6/13/15

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign

_____   Offender's Signature   _____   ID#_____
F. Milsap   5258   _____   Signature J. Milsap

Serving Employee (Print Name)      Badge #

6/13/15   Date Served      9:30   Time Served   ☐ a.m ☐ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____   Offender's Signature      ID#_____

(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)

_____   _____   _____
Date of Disciplinary Report   Print offender's name   ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

RECEIVED   JUL 24 2015   ADMINISTRATIVE REVIEW BOARD

Distribution:   Master File
                Offender
                Facility (2)

DOC 0317 (Rev. 2/2007)

(EXHIBIT D)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 6-26-2015 | Offender: (Please Print) MR. Donald Haywood | ID#: R47947 |
|---|---|---|
| Present Facility: Stateville C.C. | Facility where grievance issue occurred: Stateville C.C. | GRIEVANCE OFFICE |

JUL 8 - 2015

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ ADA Disability Accommodation
☐ Staff Conduct ☐ Dietary ☐ Medical Treatment ☐ HIPAA
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☐ Other (specify)

☒ Disciplinary Report: 6 / 11 / 2015    Stateville Correctional Center
       Date of Report                Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

This grievance is in accordance with 20 Ill. Admin. Code 504.60 when a SMI offender is the subject of an disciplinary report the Adjustment Committee is to contact the SMI offender MHP (mental health provider) immediate and not after hearing.

Now on or around about 6-11-2015 grievant requested to Sgt. Houston that he needs to see a crisis team because grievant is feeling helpless and hopeless. Now shortly after grievant request Lt. Jason Berry came

Relief Requested: 1.) That the ticket be expunged immediately
2.) That the Adjustment Committee Chairperson be trained in and/or at what exactly "constitute" a crisis team and it's purpose

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Donald Haywood_     R47947     6/26/2015
Offender's Signature         ID#         Date
(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** |
|---|

Date Received: ___/___/___   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

RECEIVED

JUL 24 2015

ADMINISTRATIVE
REVIEW BOARD

Print Counselor's Name      Counselor's Signature      Date of Response

| **EMERGENCY REVIEW** |
|---|

Date Received: ___/___/___   Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature      Date

Distribution: Master File; Offender         Page 1         DOC 0046 (8/2012)

(EXHIBIT E)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

to talk with grievant and he asked grievant "what's going on with you" and grievant told Lt. Berry that he was feeling helpless and hopeless because noone would help grievant to get seen by the medical staff for his injuries he sustained when he fall down the stair and because of the staff attitude toward grievant, grievant was feeling sullen and dejected. Lt. Berry "that's not what Sgt. Houston told me, "so you're not feeling like you wanna harm yourself or others"? because all that other stuff you're talking about you need to take that up with your psych doctor. Now as a end result Lt. Berry wrote grievant a ticket for giving false information Now grievant never ever lied to Lt. Berry in fact if grievant lied then Sgt. Houston should had wrote the ticket since it was in fact "he" who told Lt. Berry that grievant felt like harming himself or someone else. Furthermore Lt. Charles Best the Adjust-ment committee Chairperson era in his finding grievant guilty when in fact Lt. Best Never ever ask grievant "exactly" what did grievant say to Lt. Berry. Furthermore Lt. Best Never ever specifies whom from mental health he spoke with because grievant MHP specifically advised grievant that due to his mental issue try to reframe from snapping out and/or doing something irrilogical and if for any reason that grievant start to feel sullen, dejected or very depressed ask for a crisis team or someone to talk to. Now when grievant done just that his whole purpose and reasoning was manipulated and his words was fabricated because all grievant said to Sgt. Houston was that he was feeling helpless and hopeless, the very same thing he told Lt. Berry. So for the above forementioned action grievant request that the ticket be expunged immediately."

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

F125

| Grievance Officer's Report | | |
|---|---|---|
| **Date Received:** 6/8/15 | **Date of Review:** 7/10/15 | **Grievance #** (optional) 2747 |

**Committed Person: Donald Haywood**      ID#: R47947

**Nature of Grievance:** DR – 201501716/1-STA

**Facts Reviewed:** Grievant was issued a DR for 303 and 310 on 6/11/15 and was found guilty and received one month c grade and commissary restriction. He wants the disciplinary report expunged.

Grievance Officer finds that DR was reviewed and determined by the Adjustment Committee that they are reasonably satisfied of the offender's guilt. Grievance Officer cannot substantiate the incident occurred any other way than reported. DR upheld, disciplinary sanctions and procedures imposed are within max capacity.

**Recommendation:** Based upon a total review of all available information, it is recommended that grievance be DENIED. Unable to substantiate this incident occurred any other way than reported.

**Anna McBee, CCII**
Print Grievance Officer's Name      Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | |
|---|---|---|
| **Date Received:** 7/9/15 | ☒ I concur    ☐ I do not concur    ☐ Remand | |
| **Comments:** | | |

Chief Administrative Officer's Signature      Date 7/10/15

| Committed Person's Appeal To The Director |
|---|
| I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.) |

Donald Haywood      R47947      7-14-15
Committed Person's Signature      ID#      Date

Distribution: Master File; Committed Person      Page 1      DOC 0047 (Eff. 10/2001)
Printed on Recycled Paper      (Replaces DC 5657)


(EXHIBIT "F")

Bruce Rauner
Governor



John Baldwin
Acting Director

### The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender Name: _Haywood, Donald_          Date: _2-8-16_

Register # _R47947_

Facility: _Stateville_

This is in response to your grievance received on _7-24-15_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _6-20-15_  Grievance Number: _2747_  Griev Loc: _SRA_

○ Transfer denied by the Facility or Transfer Coordinator

○ Dietary _____

○ Personal Property _____

○ Mailroom/Publications _____

○ Assignment (job, cell) _____

○ Commissary _____

○ Trust Fund _____

○ Conditions (cell conditions, cleaning supplies)

☒ Disciplinary Report dated _6-11-15_
Incident # _201501716_

○ Other _____

Based on a review of all available information, this office has determined your grievance to be:

○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

○ Denied, in accordance with DR504F, this is an administrative decision.

○ Denied, this office finds the issue was appropriately addressed by the facility Administration.

○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

○ Denied as the facility is following the procedures outlined in DR525.

○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

☒ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504,30. This office is reasonably satisfied the offender committed the offense cited in the report.

Other: _Requests for MH services may be made at any time however giving false information is not appropriate_

FOR THE BOARD: _Terri Anderson_  CONCURRED: _John R. Baldwin_
Terri Anderson                                    John R. Baldwin
Administrative Review Board                        Acting Director

CC: Warden, _Stateville_ Correctional Center
_Haywood_, Register No. _R47947_

_Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization._

( EXHIBIT G )



**Illinois
Department of
Corrections**

**Bruce Rauner**
Governor

**Gladyse C. Taylor**
Acting Director

**Stateville Correctional Center
Route 53, P.O. Box 112
Joliet, IL 60434**

**Telephone: (815) 727 -3607
TDD: (800) 526-0844**

Date: 6-30-15

To: Administration

From: CCII Duvall ext. 5545

Subject: Emergency grievance

Please be advised, grievant D. Haywood R47947 brought this grievance to CCII in person following a legal call. Grievance was discussed. CCII Duvall took the grievance directly to Major Hunter in F-house following conversation with grievant. Major Hunter assured CCII a work order would be submitted immediately to have maintenance look at the walls.

( EXHIBIT "H" )

(2)

**ILLINOIS DEPARTMENT OF CORRECTIONS**
# OFFENDER'S GRIEVANCE

F344   1 of 2

| Date: 7-21-15 | Offender: (Please Print) Donald Haywood | ID#: R47947 |
|---|---|---|
| Present Facility: Stateville CC | Facility where grievance issue occurred: Stateville CC | |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☐ Mail Handling    ☐ Restoration of Good Time    ☐ ADA Disability Accommodation

☒ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ HIPAA

☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator    ☒ Other (specify): Conditions

AUG 19 2015

☐ Disciplinary Report: ___/___/___
    Date of Report        Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration or the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

    This grievance is in accordance with the American Correctional Association (ACA) and the National Commission on Correctional Health-care, as well as in accordance with the 20 Illinois Administrative code - pertaining to health and sanitation.
    This is a on going problem thereby grievant is going to reference the initial date of the issues in which grievant is grievancing and has been grievancing to present to give this grievance office an idea of just how long grievant has been complaining about this issues without

Relief Requested: _____

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Donald Haywood | R47947 | 7-21-15 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

| **Counselor's Response (if applicable)** | | |
|---|---|---|
| Date Received: 7, 31, 15 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: By offenders own admission in body of grievance this is a duplicate grievance offender should wait for an answer on the original, then forward to second one.

| Kim Siwall | | 8, 4, 15 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

| **EMERGENCY REVIEW** | | |
|---|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____      ___/___/___
Chief Administrative Officer's Signature        Date

(EXHIBIT "I")

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

any redress whatsoever.

Now on or around 7-31-2014 grievant was moved from B-House to F-House Segregation cell 125 where grievant has been to present date. Now upon moving into cell #125 it was very filthy, the paint is chipped and/or peeling thus exposing grievant to "black mold". There is lead, insulation and other waste encrusted on and/or within the walls and ceilings. The lighting fixture is leaking some unknown fluids out of it. Now grievant has been complaining about these conditions from the above foremention initial date up until present date via grievances for which has been a year to present date and still grievant has yet to get any redress or relief for. Also grievant has constantly contended that these filthy conditions causes and/or contributes to the infestation of roaches, spiders, knats, and other insects which surrounds grievant, food and infest grievant bed thus making it difficult to sleep for grievant which as a result of, has a disturbing effect on grievant mental well being. Furthermore grievant further allege that the mental health care is grossly inadequate. What mental health services that are provided in Segregation confinement generally takes place at prisoners cell door within hearing of other inmates and correctional officers or in a more private setting where as again it's within hearing of other inmates and correctional officers whom walk pass the more private area thus as a direct and proximate result prisoners particular myself are reluctant to tell the Mental Health Professional (MHP) anything of substance pertaining to or regarding their mental issues and problems, thus when accompanied by the isolation and idleness of Segregation, and combined with the filth, cold, poor hygiene, poor sanitation, and the extremely loud noise of the more extremely psychotic prisoners, it created a non-conducive and toxic environment for grievant mental health, thus allowing grievant to suffer as a direct result, a deep deprivation from all of the "interactive" and constant screaming, yelling, and banging on the cell doors all night by the extremely psychotic prisoners housed in Segregation.

Furthermore grievant has developed a skin rash from living in such uncleanliness and unsanitary condition for which has caused a physical injury to grievant body, causing scratching his itchy body sores as

Printed on Recycled Paper

2 of 2

sores has appeared on my body.

So due to the nefarious and egregious conditions grievant has been and is still being subjected to grievant needs this grievance system to intervene and protect him Major Hunter, Lt. Brown, and acting sergeants C/o. Brewer and C/o. Williams callous and gratuitous conduct and actions in failing to take the appropiate corrective measures to ensure that grievant is free from cruel and unusual punishment, pain and suffering, and/or deliberate indifference.

# Relief Requested

1) That grievant receive compesatory and punitive damages for each day he suffer and/or were subjected to these conditions which is a total of one year

2) To be released from segregation "immediately"

3) To be free from the filthy and pest and insect infested cell.

4) To be treated in a private setting when receiving any type of mental health treatment.

Page 3)

Bruce Rauner
Governor



John Baldwin
Acting Director



## The Illinois Department of Corrections

Stateville Correctional Center
Route 53, P.O. Box 112 • Joliet, IL 60434 • (815) 727-3607 TDD: (800) 526-0844

# MEMORANDUM

DATE:     January 14, 2016

TO:        Donald Haywood - R47947
           Unit B-10-14

FROM:    Anna McBee, Correctional Counselor II
           Grievance Officer

SUBJECT: Grievance #3420

The attached grievance is being returned for the following reason:

_____ It needs to be rewritten and submitted to your counselor on the attached IDOC Offender's Grievance form.

_____ It was not filed within 60 days of discovery of the incident, occurrence, or problem which gives rise to the grievance as required in DR 504F, Grievance Procedures for Committed Persons.

_____ Issue needs to be discussed with your counselor for possible resolution.

_____ No issue outlined in grievance.

_____ It appears that no attempt has been made to resolve the issue as required by DR 504F.

_____ Issue is currently being reviewed by the Office. *You will receive a copy of the Grievance and decision when it is completed.

_____ Issue previously addressed on. No justification for further action.

__X__ Other: As stated in the body of your grievance, you state you filed a previous grievance about this issue. Please wait to receive a response from the initial grievance.

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

(EXHIBIT "J")



www.illinois.gov/idoc

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

Name: HAYWOOD, DONALD     IDOC Number: R47947     Race: BLK

Hearing Date/Time: 6/16/2015  08:49 AM     Living Unit: STA-F-01-25     Orientation Status: N/A

Incident Number: 201501716/1 - STA     Status: Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 6/11/2015 | 201501716/1-STA | BERRY, JASON M | F HOUSE | 06:30 PM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 303 | Giving False Information To An Employee | Guilty |
| 310 | Abuse Of Privileges | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|------------|--------------|----------------|

No Witness Requested

## RECORD OF PROCEEDINGS

Inmate Haywood R47947 present and DR read. Inmate Haywood R47947 pleads not guilty and states he was told by mental health that he can ask for a crisis team member whenever he has an issue.

## BASIS FOR DECISION

R/LT was informed by Sgt Houston that inmate Haywood R47947 had expressed verbal thoughts of harming himself and was requesting a crisis team member. As R/LT was interviewing inmate Haywood R47947 he stated that he wanted to see a Med Tech concerning an ongoing medical issue. R/LT asked inmate Haywood R47947 if he was thinking about harming himself or anyone else. Inmate Haywood R47947 denied that he was thinking of harming himself or anyone else. Inmate Haywood R47947 attempted to see Med Tech by using a crisis team member.
Inmate Haywood R47947 identified by Institutional Graphics.
The committee is satisfied that inmate Haywood R47947 did in fact violate the charges cited.
DOC 0443 submitted by mental health indicates inmate Haywood R47947 mental illness did not contribute to his behavior and discipline is appropriate.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| 1 Months C Grade | 1 Months C Grade |
| Other : *SMI | Other : *SMI |
| 1 Months Commissary Restriction | 1 Months Commissary Restriction |
| Basis for Discipline:NATURE OF OFFENSE | |

## Signatures
### Hearing Committee

| | | Signature | Date | Race |
|--|--|-----------|------|------|
| BEST, CHARLES F  - Chair Person | | | 06/16/15 | BLK |
| ACKLIN, LAKEISHA V | | | 06/16/15 | BLK |

Recommended Action Approved

---

Final Comments: N/A

RECEIVED

JUL 2 4 2015

ADMINISTRATIVE

(EXHIBIT "K")

Run Date: 6/30/2015 13:52:19      Page 1 of 2

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** HAYWOOD, DONALD | **IDOC Number:** R47947 | **Race:** BLK |
| **Hearing Date/Time:** 6/16/2015  08:49 AM | **Living Unit:** STA-F-01-25 | **Orientation Status:** N/A |
| **Incident Number:** 201501716/1 - STA | **Status:** Final | |

---

TARRY D WILLIAMS / LKS  6/22/2015                                   06/22/15
_____                    _____    _____
Chief Administrative Officer                       Signature          Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

NICCOELLE E JACKSON                            6/25/2015              09:00 AM
_____                    _____
Employee Serving Copy to Committed Person          When Served - - Date and Time



ILLINOIS DEPARTMENT OF CORRECTIONS
MENTAL HEALTH DISCIPLINARY REVIEW

**Offender Name:** Haywood, Donald

**ID#:** R47947

| Disciplinary notification received from Shift Commander: 6/15/15 | Facility: STA |
|---|---|
| Disciplinary Report (DOC 0317) received: 6/13/15 | ☐ Sp/RTU  ☒ SEG  ☐ GP |
| Action: ☐ Stay of continuance until further notice ☒ Resume proceedings | ☐ R&C  ☐ HCU  ☐ PC |

Date and Time of Original Disciplinary Report (DOC 0317): 6/11/2015     630    ☐ a.m.  ☒ p.m.

List Offense(s):

303: Giving false inform-          310: Abuse of Privileges
ation to employee

Level of Care: ☐ Acute Inpatient   ☐ Sub-acute Inpatient   ☐ Sp/RTU   ☒ Outpatient   ☐ Crisis

Was the offender on crisis watch at the time of offense? ......................... ☒ No   ☐ Yes

Is the offender currently on crisis watch? ........................................... ☒ No   ☐ Yes

Current mental status: .................................................................... ☒ Stable   ☐ Not Stable

Mental Health Summary: It is this MHP's opinion that Offender's mental illness did not contribute to the underlying behavior of the offense for which the DOC 0317 was issued.

It is this MHP's opinion that segregation status placement of this Offender is appropriate based on the Offender's mental health symptoms and needs.

Please refer to the recommendations section of this form for specific recommendations regarding segregation time.

(EXHIBIT L)
Distribution   Master File

DOC 0443 (Rev. 05/2015)

ILLINOIS DEPARTMENT OF CORRECTIONS
MENTAL HEALTH DISCIPLINARY REVIEW

Offender Name: Haywood, Donald                    ID#: R47947

Based on offender's mental health status and mental illness it is the reviewing MHP's **OPINION** that:

|  | No | Yes |
|---|---|---|
| • The offenders mental illness contributed to the behavior at issue and as reported on the DOC 0317 | ☒ | ☐ |
| • Confinement in segregation is likely to significantly impact the offender's mental health: | ☒ | ☐ |
| • The offenders mental illness should be considered when imposing discipline (up to and including segregation): | ☒ | ☐ |

### Recommendations:

Proposed segregation term: 3 Months

☐ Consider reduced segregation time
☐ C-grade only recommended
☐ Recreation restriction recommended
☐ B-grade only recommended
☐ Good time revocation recommended
☐ Loss of privileges (identify):

☐ Other (identify):

Mental Health Review completed by:

Dr. C. Larry, Psy. D.
Name (Print)

Signature

MH Services Director
Title

6/17/15
Date

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

Name: HAYWOOD, DONALD | IDOC Number: R47947 | Race: BLK

Hearing Date/Time: 9/7/2015 08:26 AM | Living Unit: STA-F-01-24 | Orientation Status: N/A

Incident Number: 201502610/1 - STA | Status: Final

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 9/1/2015 | 201502610/1-STA | MOLDOVAN, STUART N | HEALTH CARE UNIT | 09:18 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 301 | Fighting | Guilty |
| 403 | Disobeying A Direct Order | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS
Inmate Haywood R47947 present and DR read. Inmate Haywood R47947 states he was fighting.

## BASIS FOR DECISION
R/O observed inmate Haywood R47947 and inmate Frieson R58331 exchanging closed fist punches at each other striking each other in the face.
R/O gave inmate Haywood R47947 a direct order to stop fighting and he refused.
Inmate Haywood R47947 admits to guilt.
The committee is satisfied that inmate Haywood R47947 did in fact violate the charges cited.
DOC0443 submitted by mental health indicates inmate Haywood R47947 mental illness did not contribute to his behavior and discipline is appropriate.

## DISCIPLINARY ACTION  (Consecutive to any priors)

| RECOMMENDED | FINAL |
|---|---|
| 1 Months C Grade | 1 Months C Grade |
| 1 Months Segregation | 1 Months Segregation |
| Other : *SMI | Other : *SMI |
| 1 Months Commissary Restriction | 1 Months Commissary Restriction |

**Basis for Discipline:NATURE OF OFFENSE**

## Signatures
### Hearing Committee

| | Signature | Date | Race |
|---|---|---|---|
| BEST, CHARLES F  - Chair Person | | 09/07/15 | BLK |
| MILLER, RUTH | | 09/07/15 | BLK |

Recommended Action Approved

**Final Comments:** N/A

(EXHIBIT "M")

Run Date: 9/10/2015 08:16:24 | Page 1 of 2

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** HAYWOOD, DONALD     **IDOC Number:** R47947     **Race:** BLK

**Hearing Date/Time:** 9/7/2015  08:26 AM     **Living Unit:** STA-F-01-24     **Orientation Status:** N/A

**Incident Number:** 201502610/1 - STA     **Status:** Final

---

NICHOLAS R LAMB / RT  9/9/2015                 09/09/15

Chief Administrative Officer          Signature          Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

Employee Serving Copy to Committed Person          When Served  - - Date and Time

ILLINOIS DEPARTMENT OF CORRECTIONS
MENTAL HEALTH DISCIPLINARY REVIEW

**Offender Name:** Haywood, Donald      **ID#:** R47947

| | |
|---|---|
| Disciplinary notification received from Shift Commander:   9/3/15 | Facility: STA |
| Disciplinary Report (DOC 0317) received:   9/1/15 | ☐ Sp/RTU    ☐ SEG    ☒ GP |
| Action: ☐ Stay of continuance until further notice   ☒ Resume proceedings | ☐ R&C    ☐ HCU    ☐ PC |

Date and Time of Original Disciplinary Report (DOC 0317): 9/1/2015    1000   ☒ a.m.   ☐ p.m.

List Offense(s): 
301 Fighting
403 Disobeying a Direct
Order

Level of Care: ☐ Acute Inpatient   ☐ Sub-acute Inpatient   ☐ Sp/RTU   ☒ Outpatient   ☐ Crisis

Was the offender on crisis watch at the time of offense? ........................ ☒ No    ☐ Yes

Is the offender currently on crisis watch? .................................................. ☒ No    ☐ Yes

Current mental status: .................................................................................. ☒ Stable    ☐ Not Stable

Mental Health Summary: : It is this MHP's opinion that the offender's mental illness did not contribute to the underlying behavior of the offense for which the DOC 0317 was issued.

It is this MHP's opinion that segregation status placement of this offender is appropriate based on the offender's mental health symptoms and needs.

( EXHIBIT "N" )

ILLINOIS DEPARTMENT OF CORRECTIONS
## MENTAL HEALTH DISCIPLINARY REVIEW

Offender Name: Haywood, Donald          ID#: R47947

Based on offender's mental health status and mental illness it is the reviewing MHP's **OPINION** that:

|  | | No | Yes |
|---|---|---|---|
| • | The offenders mental illness contributed to the behavior at issue and as reported on the DOC 0317: | ☒ | ☐ |
| • | Confinement in segregation is likely to significantly impact the offender's mental health: | ☒ | ☐ |
| • | The offenders mental illness should be considered when imposing discipline (up to and including segregation): | ☒ | ☐ |

## Recommendations:

Proposed segregation term: 3 months

☐   Consider reduced segregation time
☐   C-grade only recommended
☐   Recreation restriction recommended
☐   B-grade only recommended
☐   Good time revocation recommended
☐   Loss of privileges (identify): _____

_____
_____
_____
_____

☐   Other (identify): _____

_____
_____
_____
_____
_____

Mental Health Review completed by:

Beth A Hart, LCSW
Name (Print)                              Signature

Social Worker 3                           9/4/15
Title                                     Date

Mental Health Supervisor
Stateville Correctional Center
and
Warden of Programs

MR. Donald Haywood #R47947                    Date: January 6th, 2016
Stateville Correctional Center
P.O. Box 112                                  RE: Written Grievance/Complaint
Joliet, IL 60434                              Regarding MHP Unprofessional
                                              Conduct and Arbitrary Actions.


This complaint is Regarding the Acts, omissions, and conduct of Mental
health counselor MS. Conrad deliberate indifference towards my serious
mental health condition and treatment at Stateville Correctional Center. I
First met DR. Conrad on 12-1-15 i think? Befor that i had not been seen
by anyone in Months. When i saw MS. Conrad and ask her to see me. she
told me that Everytime she see me i have a ISSUE. Then on that same day
i Explain to her that I fear for my life around these nurses that bring
me my MED's. Infact i told her and one of the supervisors and
Beth Hart what nurse windy ~~and~~ told me. She told me that none
of what i'm saying have anything to do with her. I explain to her that
being my Doctor she suppose to have my best intrest at hart. But she
said that windy them is her Friend. And the fact of the matter is
she is chocing friendship ~~is~~ over her Job and, told me that she going
to D.C. My Mental Health Medical meds, I dont Feel Right talking
to her because i feel she more worry about being friends with the
Officers and Nurses then doing her Job. Infact MS. Conrad is
her Self, the Proximate and direct trigger point to my Mental Illness
through her acts, omissions and conduct there by leaving me not only
Not wanting to deal with her in any capacity but also leaving me
to Feel helpless, hopeless, sullen and dejected, which is
Cruel and unusual punishment, mental pain and
(EXHIBIT "C")

Suffering, which is deliberate indifference to my serious and very Real Mental Illness and Issues, i am dealing with as far as Medical go. She (MS. Conrad) told ME that Medical Issue dont have anything to do with her at all. I Explain to her that I feel she should tell her Boss who will go to talk to the Head Nurses over all the Nurses. But in Every other word she told me to take my meds from them Nurse and dont worry about the fact that they told me (i wrote a Grievance on them and they can do anything to my meds.). I feel like NONE of these Mental help Doctor's are for my best Interest, for one starting from the top yall ASK that I get the Max seg time on EACH ticket I got and lied and to me it was (MS. Cheshareck) when in fact it was 1. Briget Lanktree, Beth Hart, And the New Psychogist Administrator and Chairperson for SMI Committee, If is cant Dr. Larry. IF i cant trust the people who is suppose to have my Back then What am I to do other then write her up to Let yall know what's going. At this point I am taken Every step and measure to Avail myself the MS. Conrad Egregious and gratutens acts, omissions and conduct, Now this Complaint/written Grievance to you is my Last Resort for Recourse against Mental health Counselor MS. Conrad. So I am not going to see her No More So she have No Reason to send me a pass. I think these Doctors and Nurses are trying to Kill me and Now I think Mental Health is Playing a big Role in this as well, so I pray that this written grievance/Complaint does Not fall on deaf EARS and that Someone protect my Rights from these Doctor's in Stateville as well and the Fake Mental Health Doctors who dont care about Nothing other then Making friends

with the polices and telling our Business to them. Now this Complaint/written grievance to you is my Last Resort For Recourse against mental health counselor CONRad! SO I pray that this written grievance/complaint does Not Fall on deaf Ears again and you protect my Rights From MS. ConRad in the form of granting Relief Requested.

Requested Relief! To be Reassigned From MS CoNRad Case load Immediately. 2) That I be Seen by a board Certified Psychologist 3) That I be Evaluated and/or Seen No latER then Every 3 wEEKs as is afforded to me by the Institution Directive 0404101-13 (B) (2)

Respectfully Requested
Donald Haywood R47947
/S/ Donald Haywood
B-1014

Signed and sworn to be Fore. me on this 6th day of January ————— Month 2016.

Karen Marie Rabideau
Notary Public

7-29-2019
My Commission Expires

KAREN MARIE RABIDEAU
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
July 29, 2019

Donald Haywood R479999
B-1014


January 29TH, 2016


TO: WARDEN OF PROGRAMS


Dear WARDEN,

Today, I WAS Assaulted By (Sgt. GRANT) in Front of (Several Inmates) and (The Camera) in B-House, There has been 'Numerous' efforts To Retaliate and Harrass me in The last Few weeks that Led-up-To This Situation. -- I Am A (SMI) Inmate, and The STAFF have been trying To provoke me To React To Their efforts,

I have been "Threatened" with Numerous "Tickets", iF I "complain", -- As I Requested A "CRISIS-Team" when I was "Assaulted" Because one OF My psychiatrist once told me that iF I ever got "stressed" To Ask For A "Crisis-Team" Before I Reacted, So That's what I did,

But when I did Ask For a "Crisis-Team"- They Also "Threatened" To write me a "ticket" when I was trying To Relay what had occurred To me -- So I have No one To Report The Assault To Except To (I.A.) on The day ShiFT - I Also Believe I will be Retaliated Against As Soon As I Report it To (I.A.), I would Ask That you
(EXHIBIT "P")

Investigate This As Soon As Possible To "Secure" The "Video" Of The B-House Cameras Between 3:00 P.M. and 5:00 P.M., (1-29-16). As I'm having my Attorney To Request There Review as well.

Donald Haywood
Donald Haywood R47947
B-1014

Subscribed and Sworn to
before me on this date
February 2, 2016

OFFICIAL SEAL
TYNEER BUTLER-WINTERS
Notary Public - State of Illinois
My Commission Expires 3/17/2019

ILLINOIS DEPARTMENT OF CORRECTIONS
**MENTAL HEALTH SEGREGATION ROUNDS**
**STATEVILLE**

Facility

**MONTH / YEAR: AUGUST 2014**

Date Segregation Began: _____

Offender Name: Haywood, Donald

ID#: R47947

D.O.B.: 11/16/85

Date Segregation Ended: _____

This form shall be maintained in the Mental Health Office for the current calendar month and shall be completed by a Mental Health Professional (MHP) once per week. Referrals shall be initiated in accordance with established procedures and Administrative Directives or the Mental Health Manual, as applicable. Upon completion of the calendar month, or transfer of an offender out of segregation, the completed form shall be filed in the offender's medical chart.

| Date: Circle one: | Time: | Housing Assignment: (Unit and Cell#) | Cell Appearance | Actions and Remarks |
|---|---|---|---|---|
| S M T **W** T F S | 11:10 ☐ a.m. ☑ p.m. | F 125 | ☑ Good ☐ Fair ☐ Poor* | ☐ Refer to Medical<br>☐ Refer for Urgent or Emergency Mental Health<br>☐ Mental Health Services Referral (DOC 0387)<br>☐ Refer to Counselor (Identify): ___<br>☑ No action required |
| 8/6/14 Mo./Day/Year | | | | |

Does the offender report currently being on psychotropic medication? ☐ Yes ☑ No

Notes, Comments and Observations: Per direction from administration due to lockdown, seg rounds were unable to be completed within 7 days. Stable.

Completed by: S.Cheshareck, LPC _____ QMHP _____ Signature _____ Date 8/6/14
Clinician Name (Print)     Title (Print)

| Date: Circle one: | Time: | Housing Assignment: (Unit and Cell#) | Cell Appearance | Actions and Remarks |
|---|---|---|---|---|
| S M ☑ W T F S | 10:30 ☑ a.m. ☐ p.m. | F 125 | ☑ Good ☐ Fair ☐ Poor* | ☐ Refer to Medical<br>☐ Refer for Urgent or Emergency Mental Health<br>☐ Mental Health Services Referral (DOC 0387)<br>☐ Refer to Counselor (Identify): ___<br>☑ No action required |
| 8/12/14 Mo./Day/Year | | | | |

Does the offender report currently being on psychotropic medication? ☐ Yes ☑ No

Notes, Comments and Observations: _STABLE_

Completed by: B. Hart _____ LCSW _____ Signature _____ Date 8/12/14
Clinician Name (Print)     Title (Print)

*To ensure adherence to health and sanitation standards, if cell appearance is indicated as "Poor", the Lieutenant assigned to the cell house shall be notified of the offenders name and housing location.

Distribution: Offender Medical File

DOC 0380 (Rev. 6/2014)

(EXHIBIT "Q")

ILLINOIS DEPARTMENT OF CORRECTIONS

**Evaluation of Suicide Potential**

_____STA_____  Date: 8/13/14
Facility

Offender Name: Haywood  ID#: R47947  DOB: _____
Last, First, MI

## Section I: Risk Factors

| | Yes | No |
|---|---|---|
| 1. Have there been reports that the offender may be at risk for suicide? | ☐ | ☑ |
| 2. Has the offender experienced a significant loss within the previous six months? | ☐ | ☑ |
| • If yes, describe: | | |
| 3. Is the offender worried about any major problems other than his or her legal situation? | ☐ | ☑ |
| • If yes, describe: | | |
| 4. If the offender holds a position of respect in the community, is he or she having difficulty adjusting to the loss of freedom, status or privilege? | ☐ | ☑ |
| 5. Is this the offenders first involvement with the legal system? | ☐ | ☑ |
| • If yes, describe: | | |
| 6. Does the offender appear to feel unusually embarrassed or ashamed? | ☐ | ☑ |
| 7. Does the offender express feelings of hopelessness or helplessness? | ☐ | ☑ |
| 8. Does the offender show signs of depression (i.e. crying, emotional flatness, etc.)? | ☐ | ☑ |
| • If yes, describe: | | |
| 9. Does the offender seem overly anxious, afraid, or angry? | ☐ | ☑ |
| • If yes, describe: | | |
| 10. Is the offender acting or talking in a strange manner (e.g. cannot focus his or her attention, hallucinating, etc.)? | ☐ | ☑ |
| • If yes, describe: | | |
| 11. Has the offender made previous suicide attempts? | ☐ | ☑ |
| • If yes: | | |
| o How many attempts have been made previously? | | |
| o Date and method of the most recent suicide attempt: | | |
| 12. Does the offender express thoughts of killing him or herself? | ☐ | ☑ |
| 13. Does the offender have a plan for suicide? | ☐ | ☑ |
| • If yes: | | |
| o Describe: | | |
| 14. Does the offender have the means to carry out a suicide plan? | ☐ | ☑ |
| 15. Does the offender have a family member or significant other who has attempted or completed suicide? | ☐ | ☑ |
| • If yes: | | |
| o What is the persons relationship to the offender? | | |
| o Identify the date and method of the attempted or completed suicide: | | |

| Calculate the total number of yes/no responses in each column: | 0 | 15 |
|---|---|---|

ILLINOIS DEPARTMENT OF CORRECTIONS
**MENTAL HEALTH SEGREGATION ROUNDS**

**STATEVILLE**



Facility _____

Date Segregation Began: _____

Offender Name: Haywood, Donald          ID#: R47947          D.O.B.: 11/16/85

Date Segregation Ended: _____

**MONTH/YEAR: DECEMBER 2014**

This form shall be maintained in the Mental Health Office for the current calendar month and shall be completed by a Mental Health Professional (MHP) once per week. Referrals shall be initiated in accordance with established procedures and Administrative Directives or the Mental Health Manual, as applicable. Upon completion of the calendar month, or transfer of an offender out of segregation, the completed form shall be filed in the offender's medical chart.

| Date: | Time: | Housing Assignment: (Unit and Cell#) | Cell Appearance | Actions and Remarks |
|---|---|---|---|---|
| Circle one: | | | | ☐ Refer to Medical |
| S M Ⓣ W T F S | | F 125 | ☒ Good | ☐ Refer for Urgent or Emergency Mental Health |
| | | | ☐ Fair | ☐ Mental Health Services Referral (DOC 0387) |
| 12/2/14 | 1:22 | | ☐ Poor* | ☐ Refer to Counselor (identify): _____ |
| Mo./Day/Year | ☒ a.m. ☐ p.m. | | | ☒ No action required |

Does the offender report currently being on psychotropic medication?   ☐ Yes   ☒ No

Notes, Comments and Observations: ___ stable ___

Completed by:

Beth A Hart, LCSW          Social Worker 3          [signature] Remi B Lis          12/2/14
Clinician Name (Print)          Title (Print)          Signature          Date

| Date: | Time: | Housing Assignment: (Unit and Cell#) | Cell Appearance | Actions and Remarks |
|---|---|---|---|---|
| Circle one: | | | | ☐ Refer to Medical |
| S M Ⓣ W T F S | | F 125 | ☒ Good | ☐ Refer for Urgent or Emergency Mental Health |
| | | | ☐ Fair | ☐ Mental Health Services Referral (DOC 0387) |
| December 9, 2014 | 10:20 | | ☐ Poor* | ☐ Refer to Counselor (identify): _____ |
| Mo./Day/Year | ☒ a.m. ☐ p.m. | | | ☒ No action required |

Does the offender report currently being on psychotropic medication?   ☐ Yes   ☒ No

Notes, Comments and Observations: ___ stable ___

Completed by:

Beth A Hart, LCSW          Social Worker 3          [signature] Remi B Lis          12/9/14
Clinician Name (Print)          Title (Print)          Signature          Date

*To ensure adherence to health and sanitation standards, if cell appearance is indicated as "Poor", the Lieutenant assigned to the cell house shall be notified of the offenders name and housing location.

Distribution:   Offender Medical File

ILLINOIS DEPARTMENT OF CORRECTIONS

# MENTAL HEALTH SEGREGATION ROUNDS

## STATEVILLE

Facility

**MONTH / YEAR: DECEMBER 2014**

Date Segregation Began: _____

Offender Name: Haywood, Donald

ID#: R47947

D.O.B.: 11/16/85

Date Segregation Ended: _____

This form shall be maintained in the Mental Health Office for the current calendar month and shall be completed by a Mental Health Professional (MHP) once per week. Referrals shall be initiated in accordance with established procedures and Administrative Directives or the Mental Health Manual, as applicable. Upon completion of the calendar month, or transfer of an offender out of segregation, the completed form shall be filed in the offender's medical chart.

| Date:<br>Circle one:<br>S M (T) W T F S<br><br>12/30/14<br>Mo./Day/Year | Time:<br><br>1:00<br>☑ a.m.<br>☐ p.m. | Housing Assignment:<br>(Unit and Cell#)<br><br>F 125 | Cell Appearance<br><br>☑ Good<br>☐ Fair<br>☐ Poor* | Actions and Remarks<br>☐ Refer to Medical<br>☐ Refer for Urgent or Emergency Mental Health<br>☐ Mental Health Services Referral (DOC 0387)<br>☐ Refer to Counselor (Identify): ___<br>☑ No action required |

Does the offender report currently being on psychotropic medication?  ☐ Yes   ☑ No

Notes, Comments and Observations: _____ STATE _____

Completed by: **Beth A Hart, LCSW** _____ **Social Worker 3** _____ ~~James Cur~~ _____ **12/30/14**
Clinician Name (Print) — Title (Print) — Signature — Date

| Date:<br>Circle one:<br>S M T W T F S<br><br>Mo./Day/Year | Time:<br><br>☐ a.m.<br>☐ p.m. | Housing Assignment:<br>(Unit and Cell#) | Cell Appearance<br><br>☐ Good<br>☐ Fair<br>☐ Poor* | Actions and Remarks<br>☐ Refer to Medical<br>☐ Refer for Urgent or Emergency Mental Health<br>☐ Mental Health Services Referral (DOC 0387)<br>☐ Refer to Counselor (Identify): ___<br>☐ No action required |

Does the offender report currently being on psychotropic medication?  ☐ Yes   ☐ No

Notes, Comments and Observations: _____

Completed by: _____

Clinician Name (Print) — Title (Print) — Signature — Date

*To ensure adherence to health and sanitation standards, if cell appearance is indicated as "Poor", the Lieutenant assigned to the cell house shall be notified of the offenders name and housing location.

Distribution:   Offender Medical File

Page **1** of **2**
*Printed on Recycled Paper*

DOC 0380 (Rev. 6/2014)




ILLINOIS DEPARTMENT OF CORRECTIONS
## MENTAL HEALTH SEGREGATION ROUNDS
### STATEVILLE
Facility

ID#: R47947                         D.O.B.: 11/16/85

**MONTH / YEAR: NOVEMBER 2014**

Date Segregation Began: _____

Date Segregation Ended: _____

Offender Name: Haywood, Donald

This form shall be maintained in the Mental Health Office for the current calendar month and shall be completed by a Mental Health Professional (MHP) once per week. Referrals shall be initiated in accordance with established procedures and Administrative Directives or the Mental Health Manual, as applicable. Upon completion of the calendar month, or transfer of an offender out of segregation, the completed form shall be filed in the offender's medical chart.

| Date:<br>Circle one:<br>S M D W T F S<br>_____<br>11/4/14<br>Mo./Day/Year | Time:<br><br>1:00<br><br>☑ a.m.<br>☐ x p.m. | Housing Assignment:<br>(Unit and Cell#)<br><br>F 125 | Cell Appearance<br><br>☑ Good<br>☐ Fair<br>☐ Poor* | Actions and Remarks<br>☐ Refer to Medical<br>☐ Refer for Urgent or Emergency Mental Health<br>☑ Mental Health Services Referral (DOC 0387)<br>☐ Refer to Counselor (identify): _____<br>☐ No action required |

Does the offender report currently being on psychotropic medication?  ☑ Yes  ☐ No

Notes, Comments and Observations: _Inn requested to see Dr. Cafty. DOC0387 completed_

Completed by:

| L. Seeler, PsyD | | | |
|---|---|---|---|
| Clinician Name (Print) | Title (Print) | Psychologist | Signature [signature] | 11/4/14<br>Date |

---

| Date:<br>Circle one:<br>S M D W T F S<br>_____<br>11/11/14<br>Mo./Day/Year | Time:<br><br>9:20<br><br>☑ a.m.<br>☐ p.m. | Housing Assignment:<br>(Unit and Cell#)<br><br>F 125 | Cell Appearance<br><br>☑ Good<br>☐ Fair<br>☐ Poor* | Actions and Remarks<br>☐ Refer to Medical<br>☐ Refer for Urgent or Emergency Mental Health<br>☐ Mental Health Services Referral (DOC 0387)<br>☐ Refer to Counselor (identify): _____<br>☑ No action required |

Does the offender report currently being on psychotropic medication?  ☐ Yes  ☑ No

Notes, Comments and Observations: _Stable_

Completed by:

| B. Hart, LCSW | | | |
|---|---|---|---|
| Clinician Name (Print) | Title (Print)<br>Social Worker 3 | Signature [signature] | 11/11/14<br>Date |

*To ensure adherence to health and sanitation standards, if cell appearance is indicated as "Poor", the Lieutenant assigned to the cell house shall be notified of the offenders name and housing location.

Distribution:   Offender Medical File



ILLINOIS DEPARTMENT OF CORRECTIONS
MENTAL HEALTH SEGREGATION ROUNDS
STATEVILLE

Facility

**MONTH / YEAR: SEPTEMBER 2014**

Date Segregation Began: _____

Date Segregation Ended: _____

Offender Name: Haywood, Donald                    ID#: R47947                    D.O.B.: 11/16/85

This form shall be maintained in the Mental Health Office for the current calendar month and shall be completed by a Mental Health Professional (MHP) once per week. Referrals shall be initiated in accordance with established procedures and Administrative Directives or the Mental Health Manual, as applicable. Upon completion of the calendar month, or transfer of an offender out of segregation, the completed form shall be filed in the offender's medical chart.

| Date: Circle one: | Time: | Housing Assignment: (Unit and Cell#) | Cell Appearance | Actions and Remarks |
|---|---|---|---|---|
| S M (T) W T F S | 10:00 AM | F 125 | ☑ Good<br>☐ Fair<br>☐ Poor* | ☐ Refer to Medical<br>☐ Refer for Urgent or Emergency Mental Health<br>☐ Mental Health Services Referral (DOC 0387)<br>☐ Refer to Counselor (identify): ___<br>☑ No action required |
| 9/2/14 Mo./Day/Year | | | | |

Does the offender report currently being on psychotropic medication?  ☐ Yes  ☑ No  *Stable.*

Notes, Comments and Observations:  *Stable.*

Completed by:

S. Cheshareck, LPC          QMHP                    [signature]                    9/2/14
Clinician Name (Print)       Title (Print)            Signature                      Date

| Date: Circle one: | Time: | Housing Assignment: (Unit and Cell#) | Cell Appearance | Actions and Remarks |
|---|---|---|---|---|
| S M (T) W T F S | 9:45 AM | F 125 | ☑ Good<br>☐ Fair<br>☐ Poor* | ☐ Refer to Medical<br>☐ Refer for Urgent or Emergency Mental Health<br>☐ Mental Health Services Referral (DOC 0387)<br>☐ Refer to Counselor (identify): ___<br>☑ No action required |
| 9/9/14 Mo./Day/Year | | | | |

Does the offender report currently being on psychotropic medication?  ☐ Yes  ☑ No

Notes, Comments and Observations:  *stable*

Completed by:

Beth A. Hart, LCSW          Social Worker 3          [signature]                    9/9/14
Clinician Name (Print)       Title (Print)            Signature                      Date

*To ensure adherence to health and sanitation standards, if cell appearance is indicated as "Poor", the Lieutenant assigned to the cell house shall be notified of the offenders name and housing location.



# ILLINOIS DEPARTMENT OF CORRECTIONS
## MENTAL HEALTH SEGREGATION ROUNDS

**MONTH/YEAR:** 09/14

Date Segregation Began: _____

Offender Name: HAYWOOD, DONALD   ID#: R47747

**Facility** 874

Date Segregation Ended: _____

**D.O.B.:** 11-16-85

This form shall be maintained in the Mental Health Office for the current calendar month and shall be completed by a Mental Health Professional (MHP) once per week. Referrals shall be initiated in accordance with established procedures and Administrative Directives or the Mental Health Manual, as applicable. Upon completion of the calendar month, or transfer of an offender out of segregation, the completed form shall be filed in the offender's medical chart.

| Date:<br>Circle one:<br>S M T W T F S<br>9-30-14<br>Mo./Day/Year | Time:<br>10:30<br>☐ a.m.<br>☐ p.m. | Housing Assignment:<br>(Unit and Cell)<br>0125 | Cell Appearance<br>☑ Good<br>☐ Fair<br>☐ Poor* | Actions and Remarks<br>☐ Refer to Medical<br>☐ Refer for Urgent or Emergency Mental Health<br>☐ Mental Health Services Referral (DOC 0387)<br>☐ Refer to Counselor (identify): _____<br>☑ No action required |

Does the offender report currently being on psychotropic medication? 1/4   ☐ Yes   ☐ No

Notes, Comments and Observations: _____

Completed by:

| S Lawler may | LCSW | ☑ Jordan | 9-30-14 |
|---|---|---|---|
| Clinician Name (Print) | Title (Print) | Signature | Date |

| Date:<br>Circle one:<br>S M T W T F S<br>Mo./Day/Year | Time:<br>☐ a.m.<br>☐ p.m. | Housing Assignment:<br>(Unit and Cell) | Cell Appearance<br>☐ Good<br>☐ Fair<br>☐ Poor* | Actions and Remarks<br>☐ Refer to Medical<br>☐ Refer for Urgent or Emergency Mental Health<br>☐ Mental Health Services Referral (DOC 0387)<br>☐ Refer to Counselor (identify): _____<br>☐ No action required |

Does the offender report currently being on psychotropic medication?   ☐ Yes   ☐ No

Notes, Comments and Observations: _____

Completed by:

| | | | |
|---|---|---|---|
| Clinician Name (Print) | Title (Print) | Signature | Date |

* To ensure adherence to health and sanitation standards, if cell appearance is indicated as "Poor", the Lieutenant assigned to the cell house shall be notified of the offenders name and housing location.

Distribution:   Offender Medical File

Page 1 of 2
*Printed on Recycled Paper*

DOC 0380 (Rev. 6/2014)



Case: 1:16-cv-03566 Document #: 1 Filed: 03/23/16 Page 67 of 86 PageID #:67

ILLINOIS DEPARTMENT OF CORRECTIONS

# MENTAL HEALTH SEGREGATION ROUNDS

**STATEVILLE**

Facility

**MONTH / YEAR:** ___ Oct 2014

Date Segregation Began: _____

Offender Name: Haywood, Donald

ID#: R47947   D.O.B.: 11/16/85   Date Segregation Ended: _____

This form shall be maintained in the Mental Health Office for the current calendar month and shall be completed by a Mental Health Professional (MHP) once per week. Referrals shall be initiated in accordance with established procedures and Administrative Directives or the Mental Health Manual, as applicable. Upon completion of the calendar month, or transfer of an offender out of segregation, the completed form shall be filed in the offender's medical chart.

| Date: | Time: | Housing Assignment: (Unit and Cell#) | Cell Appearance | Actions and Remarks |
|---|---|---|---|---|
| Circle one:<br>S M T W T F S<br>10/7/14<br>Mo./Day/Year | 1:00<br>☐ a.m.<br>☐ p.m. | F 125 | ☒ Good<br>☐ Fair<br>☐ Poor* | ☐ Refer to Medical<br>☐ Refer for Urgent or Emergency Mental Health<br>☐ Mental Health Services Referral (DOC 0387)<br>☐ Refer to Counselor (identify): ___<br>☒ No action required |

Does the offender report currently being on psychotropic medication?   ☐ Yes   ☒ No

Notes, Comments and Observations: _____ STABLE

Completed by: **Beth A Hart, LCSW** _____ Social Worker 3 _____ (signature) _____ 10/7/14
Clinician Name (Print)   Title (Print)   Signature   Date

| Date: | Time: | Housing Assignment: (Unit and Cell#) | Cell Appearance | Actions and Remarks |
|---|---|---|---|---|
| Circle one:<br>S M T W T F S<br>10/14/14<br>Mo./Day/Year | 10:30<br>☐ a.m.<br>☐ p.m. | F 125 | ☒ Good<br>☐ Fair<br>☐ Poor* | ☐ Refer to Medical<br>☐ Refer for Urgent or Emergency Mental Health<br>☐ Mental Health Services Referral (DOC 0387)<br>☐ Refer to Counselor (identify): ___<br>☒ No action required |

Does the offender report currently being on psychotropic medication?   ☐ Yes   ☒ No

Notes, Comments and Observations: _____

Completed by: **S. Lauterman** _____ LCSW _____ (signature) _____ 10/14/14
Clinician Name (Print)   Title (Print)   Signature   Date




*To ensure adherence to health and sanitation standards, if cell appearance is indicated as "Poor", the Lieutenant assigned to the cell house shall be notified of the offenders name and housing location.

Distribution:   Offender Medical File

Page 1 of 2
*Printed on Recycled Paper*

DOC 0380 (Rev. 6/2014)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Evaluation of Suicide Potential**

STA
Facility                                          Date: 8/6/14

Offender Name: Haywood, Donald          ID#: R47947          DOB: _____
Last, First, MI

## Section I: Risk Factors

| | | Yes | No |
|---|---|---|---|
| 1. | Have there been reports that the offender may be at risk for suicide? | ☐ | ☒ |
| 2. | Has the offender experienced a significant loss within the previous six months? | ☐ | ☒ |
| | • If yes, describe: | | |
| 3. | Is the offender worried about any major problems other than his or her legal situation? | ☐ | ☒ |
| | • If yes, describe: | | |
| 4. | If the offender holds a position of respect in the community, is he or she having difficulty adjusting to the loss of freedom, status or privilege? | ☐ | ☒ |
| 5. | Is this the offenders first involvement with the legal system? | ☐ | ☒ |
| | • If yes, describe: | | |
| 6. | Does the offender appear to feel unusually embarrassed or ashamed? | ☐ | ☒ |
| 7. | Does the offender express feelings of hopelessness or helplessness? | ☐ | ☒ |
| 8. | Does the offender show signs of depression (i.e. crying, emotional flatness, etc.)? | ☐ | ☒ |
| | • If yes, describe: | | |
| 9. | Does the offender seem overly anxious, afraid, or angry? | ☒ | ☐ |
| | • If yes, describe: Upset about being in seg. | | |
| 10. | Is the offender acting or talking in a strange manner (e.g. cannot focus his or her attention, hallucinating, etc.)? | ☐ | ☒ |
| | • If yes, describe: | | |
| 11. | Has the offender made previous suicide attempts? | ☒ | ☐ |
| | • If yes: | | |
| | ○ How many attempts have been made previously? | | |
| | ○ Date and method of the most recent suicide attempt: "When I was in Menard, took a whole bunch of pills" | | |
| 12. | Does the offender express thoughts of killing him or herself? | ☐ | ☒ |
| 13. | Does the offender have a plan for suicide? | ☐ | ☒ |
| | • If yes: | | |
| | ○ Describe: | | |
| 14. | Does the offender have the means to carry out a suicide plan? | ☐ | ☒ |
| 15. | Does the offender have a family member or significant other who has attempted or completed suicide? | ☐ | ☒ |
| | • If yes: | | |
| | ○ What is the persons relationship to the offender? | | |
| | ○ Identify the date and method of the attempted or completed suicide: | | |
| | Calculate the total number of yes/no responses in each column: | 2 | 13 |

Consent: 4-1-14
AIMS: 5-27-14

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**MENTAL HEALTH PROGRESS NOTE**

F/25                                                    AIMS no T.D

| Offender Name: | HAXWOOD  RONALD | ID#: R47947 | DOB: 11-16-85 |
|---|---|---|---|
| | Last, First, MI | | |

**S** = subjective, offender self-report of presenting problem; **O** = objective, clinician view of presenting problem; **A** = assessment, clinician assessment of offender; **P** = plan, current plan, link to treatment plan

| Session Date/Time: | 8-19-14 | 00 ~ 15 | Session Duration: 1/4 hr |
|---|---|---|---|

| Appearance: | ☒ Appropriate ☐ Inappropriate | Concentration: | ☒ Appropriate ☐ Inappropriate |
|---|---|---|---|
| Behavior: | ☒ Appropriate ☐ Inappropriate | Memory: | ☒ Appropriate ☐ Inappropriate |
| Mood: | ☒ Appropriate ☐ Inappropriate | Speech: | ☒ Appropriate ☐ Inappropriate |
| Affect: | ☒ Appropriate ☐ Inappropriate | Thoughts: | ☒ Appropriate ☐ Inappropriate |

**Subjective, Objective, Assessment**

S- NDW,   no SI, HI, VH
⊕ AH   ⊕ PAR ID
⊕ Mood swings, racing thoughts, sleep 7-8° ♂
⊕ aggression "20" on 0-10
"think of doing nasty, hurting but don't do it"

4 MEDS- Divalproex Na 500mg GAM + 1000mg QHS
Risperdal 3mg QHS
Vistaril 100mg QHS

Compliance- Prozac 20mg QAM
⊕ Comply daily

SE- none

Allerg- NKDA

Med history- ASTHMA
H1A1c  LFTs  LDL  VPA  plt ct

Blood Test results- 6-10-14  no   no  #130 523  #148

MSE- Office not manic, depressed
psychotic Avoids eye contact
Rosi, Hi. I/J limited - I/c intact mm

Dx- I Bipolar disorder ē psychotic sxup.
II  deferred
III  Hx Asthma
IV  Incarceration
V  78

**Plan**

On Seg lys. Want to be in cell by self, wants out of STA, wants TKU, wants med test levels ⊕ I. Say he
stable ē MHP no single cell request.

F/u months ⊕ VISTARIL, wants same dose on other meds
"do help sometimes"

P-

Meds: ↑ VISTARIL 150mg QHS
Divalproex 500mg QAM + 1000mg QHS
Prozac 20mg QAM
RISPERDAL 3mg QHS

Blood tests ordered:
H1A1c, LIPID, VPA, LFTs, plt ct,
CBC

F/u 4 WKS

| Clinician Name (Print): | J. KELLY MD | Signature: | J. Kelly MD |
|---|---|---|---|
| Facility: | STA | Title: | PSYCHIATRIST |

Printed on Recycled Paper

DOC 0282 (Rev. 8/20)

Abrs-82-16
Consent - 8-14-14   F/25

ILLINOIS DEPARTMENT OF CORRECTIONS
**MENTAL HEALTH PROGRESS NOTE**

Airls-me T.D

Offender Name: HAYWOOD, DONALD    ID#: R 47947    DOB: 11-16-85
Last, First, MI

S = subjective, offender self-report of presenting problem; O = objective, clinician view of presenting problem; A = assessment, clinician assessment of offender; P = plan, current plan, link to treatment plan

Session Date/Time: 11-11-14  10³⁵-10⁵²    Session Duration: 1/4hr

| | | | | | |
|---|---|---|---|---|---|
| Appearance: | ☐ Appropriate | ☐ Inappropriate | Concentration: | ☐ Appropriate | ☒ Inappropriate |
| Behavior: | ☐ Appropriate | ☐ Inappropriate | Memory: | ☐ Appropriate | ☐ Inappropriate |
| Mood: | ☐ Appropriate | ☐ Inappropriate | Speech: | ☐ Appropriate | ☒ Inappropriate |
| Affect: | ☐ Appropriate | ☐ Inappropriate | Thoughts: | ☐ Appropriate | ☐ Inappropriate |

**Subjective, Objective, Assessment**
SUBJECTIVE SYMPTOMS-
Now, no SI, HI, AH, VH,
⊕ PAR id
⊕ mood swing rising through day
⊕ depression 8 an 0-10

PSYCH MEDS- DEPAKOTE 500my AGM + 1000my GHS
PROZAC TGM (20my)
VISTARIL (through) III ans (150my)
COMPLIANCE- RISPERDAL TGM (3my)
⊕ compl'y daily

SIDE EFFECTS- None

MEDICATION ALLERGIES- NKDA

MEDICAL PROBLEMS- ASTHMA

BLOOD TEST RESULTS- Blood drawn 3-4 mos ago
9-3-14  VPA  LFTs  HbA1c LDL
MENTAL STATUS EXAM (OBJECTIVE)-
Obj: no mania, Depressing
No SI, HI. F/J fair.
AXIS I  BIPOLAR DIS w/o PSYCHOTIC feat.
II  deferred
III  Hx ASTHMA
IV  incarceration
V  78

**Plan**
S: distr...

"do help - don't be snapping out" -
want to cont. same dose

P-
Meds- Depakote 500my AGM +1000my GHS
PROZAC 20my GAM
VISTARIL (through) 150my GHS
RISPERDAL 3my GHS

Blood test ordered: VPA, CBC, platelet, LFTs, LIPIDS, HbA1c

F/u 3 mos

Clinician Name (Print): DR. KELLY    Signature: J. Kelly, MD
Facility: STATEVILLE    Title: MD, PSYCHIATRIST

Distribution  Offender Medical File    DOC 0282 (Rev. 6/2012)

ILLINOIS DEPARTMENT OF CORRECTIONS

MENTAL HEALTH PROGRESS NOTE

**Offender Name:** Haywood, Donald    **ID#:** R47947    **DOB:** _____
Last, First, MI

S = subjective, offender self-report of presenting problem; O = objective, clinician view of presenting problem; A = assessment, clinician assessment of offender; P = plan, current plan, link to treatment plan

**Session Date/Time:** 11/17/2014 9:35 AM    **Session Duration:** 5 min   MHP appt.

| | | | | | | |
|---|---|---|---|---|---|---|
| **Appearance:** | ☐ Appropriate | ☐ Inappropriate | **Concentration:** | ☐ Appropriate | ☐ Inappropriate |
| **Behavior:** | ☐ Appropriate | ☐ Inappropriate | **Memory:** | ☐ Appropriate | ☐ Inappropriate |
| **Mood:** | ☐ Appropriate | ☐ Inappropriate | **Speech:** | ☐ Appropriate | ☐ Inappropriate |
| **Affect:** | ☐ Appropriate | ☐ Inappropriate | **Thoughts:** | ☐ Appropriate | ☐ Inappropriate |

**Subjective, Objective, Assessment**

S: Offender seen in F-House at cell front for mental health follow up. Offender is currently housed in segregation. Offender reported being "okay" and denied having any major complaints and concerns. Offender was reminded to contact MH staff if there was a need to do so. Offender did not appear to be in distress at that time; however, will continue to be seen by MH staff regularly.

**Plan**

RTC 4 weeks

**OBJECTIVE:**

ALERT: X YES    NO;    COHERENT: X YES    NO

ORIENTED: X PERSON X PLACE xTIME X SITUATION

PERCEPTUAL DISTORTIONS: None

THOUGHT CONTENT: unremarkable at this time

TOUGHT PROCESS:    intact

SUICIDAL/HOMICIDAL: none

A: Bipolar Disorder,

Compliant with medication

**Clinician Name** (Print): Dr. C. Larry, PsyD

**Facility:** Stateville Correctional Center

**Signature:** _____

**Title:** Psychologist

Distribution:    Offender Medical File

Printed on Recycled Paper

DOC 0282 (Rev. 6/2012)

ILLINOIS DEPARTMENT OF CORRECTIONS

MENTAL HEALTH PROGRESS NOTE

Offender Name: Haywood, Donald          ID#: R47947          DOB: 11/16/85
Last, First, MI

S = subjective, offender self-report of presenting problem; O = objective, clinician view of presenting problem;
A = assessment, clinician assessment of offender; P = plan, current plan, link to treatment plan

Session Date/Time: 12/1/14    10:15 am        Session Duration: 15 Mins

| | | | |
|---|---|---|---|
| Appearance: | ☑ Appropriate ☐ Inappropriate | Concentration: | ☑ Appropriate ☐ Inappropriate |
| Behavior: | ☑ Appropriate ☐ Inappropriate | Memory: | ☑ Appropriate ☐ Inappropriate |
| Mood: | ☑ Appropriate ☐ Inappropriate | Speech: | ☑ Appropriate ☐ Inappropriate |
| Affect: | ☑ Appropriate ☐ Inappropriate | Thoughts: | ☑ Appropriate ☐ Inappropriate |

**Subjective, Objective, Assessment**

(S:) met with I/m for initial session. I/m discussed lack of contact with MH staff. recently reported that he "passed out" last Monday (11/24/14) but has not seen medical staff yet. reported hx of A/V hallucinations but cited medications as helpful. Denied SI/HI.

(O:) Alert & O x 4. Cooperative. mood and affect congruent. Denied SI/HI. Speech WNL; Thought: unremarkable. appeared stable and not responding to internal stimuli. Judgment, insight and impulse control assessed as fair.

(A:) Axis I: Bipolar Do
Axis II: Deferred

**Plan**

(P:) RTC 4 weeks. I/m aware of procedure to contact MH.

Clinician Name (Print): L. Soeller PsyD

Facility: Stateville

Signature: [signature]

Title: Psychologist/MH Unit Director

Distribution:   Offender Medical File

Printed on Recycled Paper

DOC 0282 (Rev. 8/2012)

Aim: (
Cont: 11-11-14
SRA=Low        F125

ILLINOIS DEPARTMENT OF CORRECTIONS
MENTAL HEALTH PROGRESS NOTE

Offender Name: _HAYWOOD DONALD_     ID#: _R47947_     DOB: _11-16-85_
Last, First, MI

**S = subjective, offender self-report of presenting problem; O = objective, clinician view of presenting problem; A = assessment, clinician assessment of offender; P = plan, current plan, link to treatment plan**

Session Date/Time: _1-13-15  935 - 952_     Session Duration: _Y9m_

| | | | | | |
|---|---|---|---|---|---|
| Appearance: | ☑ Appropriate | ☐ Inappropriate | Concentration: | ☑ Appropriate | ☐ Inappropriate |
| Behavior: | ☑ Appropriate | ☐ Inappropriate | Memory: | ☑ Appropriate | ☐ Inappropriate |
| Mood: | ☑ Appropriate | ☐ Inappropriate | Speech: | ☑ Appropriate | ☐ Inappropriate |
| Affect: | ☑ Appropriate | ☐ Inappropriate | Thoughts: | ☑ Appropriate | ☐ Inappropriate |

Subjective, Objective, Assessment
SUBJECTIVE SYMPTOMS-
NOW no SI, HI, AH, VH.
⊕ PMR ⊕ mood swing, racing
thought, distractib, sleep 12°
⊕ depression 9 on 0-10

PSYCH MEDS- DEPAKOTE 500 mg QAM + 1000 mg QHS
PROZAC 20 mg QAM
(Remeron PRN) RISPERDAL 3 mg QHS
VISTARIL 120 mg QHS

COMPLIANCE- "stopped Depakote + 2 days, but
still felt dizzy - even now" -

SIDE EFFECTS- "paralDard" 3-4 x 11-2014 -
not since then

MEDICATION ALLERGIES- NKDA

MEDICAL PROBLEMS- none

BLOOD TEST RESULTS- Blood drawn "2 wks ago"
12-22-14  VPA  PLT CT  HbA1C  TSH  LFTS
↑125.2  ↓123  nl   nl   nl
MENTAL STATUS EXAM (OBJECTIVE)- cuff on.
Objer no mania, depressive psychosis.
no SI, HI. I/J fair. I/J tenuous.

AXIS I    Hx Bipolar Dis, UNSP c Psychotic sympt.
II   deferred.
III  None now. Hx ASTHMA
IV   incarceration
V    78

Plan
12-2014 saw ψ MHP -
said wants see me again - want
to see MHP now to talk about
"any problem - E.g." - write Sgts,
grievance. "See dead FA Mo
wake up in my sleep. See MHP
ψ 3-4 mos."
"do help" - want same dose of meds.

→ compy c meds → [ will ↓ Depakote ↓ due to VPA 125.2
                          and ⊕ VISTARIL ]
P-
meds- ↓ Depakote 250 mg QAM + 1000 mg QHS
       Prozac 20 mg QAM
       (Remeron PRN) RISPERDAL 3 mg QHS
       ⊕ VISTARIL
Blood tests ordered: VPA, LFTS, CBC plat ct, 4 Pt

F/u  4 WKS

Clinician Name (Print): DR. KELLY          Signature: _J. Kelly MD_
Facility: STATEVILLE                       Title: MD, PSYCHIATRIST

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS

MENTAL HEALTH PROGRESS NOTE

Offender Name: Haywood
Last, First, MI

ID#: R47947

DOB:

S = subjective, offender self-report of presenting problem; O = objective, clinician view of presenting problem; A = assessment, clinician assessment of offender; P = plan, current plan, link to treatment plan

Session Date/Time: 1/26/15 @ 10:15 A

Session Duration: 15 min

| | | | | | | |
|---|---|---|---|---|---|---|
| Appearance: | ☑ Appropriate | ☐ Inappropriate | Concentration: | ☑ Appropriate | ☐ Inappropriate |
| Behavior: | ☑ Appropriate | ☐ Inappropriate | Memory: | ☑ Appropriate | ☐ Inappropriate |
| Mood: | ☑ Appropriate | ☐ Inappropriate | Speech: | ☑ Appropriate | ☐ Inappropriate |
| Affect: | ☑ Appropriate | ☐ Inappropriate | Thoughts: | ☑ Appropriate | ☐ Inappropriate |

**Subjective, Objective, Assessment**

Ⓢ IIM seen in house for scheduled MHP appt. IIM reported, "Everything been going on, my filling fell out, they aint been bringing my meds." IIM reported he hasn't received his Vistaril "since I last saw Dr. Kelly." IIM reported he has been losing sleep, stating, "I'm having nightmares, I'm seeing people who I know are dead, I'm seeing em everywhere." IIM + MHP discussed grounding techniques + relaxation skills. IIM reported no concerns w/ sleep or cellie.

Ⓞ IIM ox4. Awake alert & cooperative. Good eye contact. Speech fluent & coherent. Mood agitated, affect congruent. No sign of formal thought disorder. Endorsed w/ ∅ SI/HI/AH. Poor insight & judgment. Fair impulse control.

Ⓐ Bipolar DIO c psychotic features

**Plan**

Ⓟ RTC 4 weeks.

Clinician Name (Print): S. Chesbareck LPC

Facility: SDA

Signature: [signature]

Title: QMHP

Printed on Recycled Paper

DOC 0282 (Rev. 6/2012)

Aims - "A 11-11-14
Consent - 1-13-15    F/25    * VPA

ILLINOIS DEPARTMENT OF CORRECTIONS
MENTAL HEALTH PROGRESS NOTE

Offender Name: HAYWOOD, DONALD    ID#: R47947    DOB: 11-6-85
Last, First, MI

S = subjective, offender self-report of presenting problem; O = objective, clinician view of presenting problem; A = assessment, clinician assessment of offender; P = plan, current plan, link to treatment plan

Session Date/Time: 2-3-15  10³⁰ - 10⁴⁰    Session Duration: ¼ hr

| Appearance: | ☑ Appropriate | ☐ Inappropriate | Concentration: | ☑ Appropriate | ☐ Inappropriate |
| Behavior: | ☑ Appropriate | ☐ Inappropriate | Memory: | ☑ Appropriate | ☐ Inappropriate |
| Mood: | ☑ Appropriate | ☐ Inappropriate | Speech: | ☑ Appropriate | ☐ Inappropriate |
| Affect: | ☐ Appropriate | ☑ Inappropriate | Thoughts: | ☑ Appropriate | ☐ Inappropriate |

Subjective, Objective, Assessment

SUBJECTIVE SYMPTOMS-

Now, no SI, HI
⊕AH  ⊕VH of relatives - saw uncle
⊕PAR  ⊕
⊕ANGRY Mood Swings, RACING  ⊕nightmares
THOUGHTS, SLEEPY

Plan

Cont I/M, VISTARIL & BENADRYL are is
limited to 30 days)

⊕Olanzapine 10 mg 0-10

PSYCH MEDS- VISTARIL "2 WKS Ago"
DEPAKOTE 1000mg QHS + 250mg 9am
PROZAC 20mg 9am
COMPLIANCE- RISPERDAL 3mg QHS

I/M wants ↑ RISPERDOL and Remeron,
PRAZOSIN, Depakote, Prozac

⊕Comply are refusing meds x-2 days

SIDE EFFECTS- Rec. VISTARIL ⊘ E/F
dizzy

MEDICATION ALLERGIES- NKDA

MEDICAL PROBLEMS- None now

P-

Meds- PRAZOSIN 1mg QHS (for PTSD symp)
REMERON 15mg QHS
DEPAKOTE 1000mg QHS + 250mg 9am
PROZAC 20mg 9am
↑ RISPERDAL 4mg QHS

BLOOD TEST RESULTS- "LAST MONTH"
1-21-15  VPA  LFTs  HbA1c  CHOL  LDL
↑ 211  1153

Blood test ordered: VPA

F/U 4 WKS

MENTAL STATUS EXAM (OBJECTIVE)-
unit affect. Mood not depressed elated.
No SI, HI  EJ fair.  HJ insensives

AXIS I  Hx BIPOLAR DIS with Psychotic symp.
II  deferred  Hx PTSD
III  none now
IV  incarceration
V  68

Clinician Name (Print): DR. KELLY

Facility: STATEVILLE

Signature: J. Kelly, MD
Title: MD, PSYCHIATRIST

Distribution  Offender Medical File

DOC 0282 (Rev. 6.2012)

CONSENT: 1-13-15

F125

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**MENTAL HEALTH PROGRESS NOTE**

Aims-noTD

| Offender Name: | HAYWOOD, DONALD | ID#: | R47947 | DOB: | 11-16-85 |
|---|---|---|---|---|---|
| | Last, First, MI | | | | |

S = subjective, offender self-report of presenting problem; A = assessment, clinician view of presenting problem; A = assessment, clinician assessment of offender; P = plan, current plan, link to treatment plan

Session Date/Time: 2-17-15  12⁵⁵ -12²⁵    Session Duration: ½ hr

| Appearance: | ☒ Appropriate | ☐ Inappropriate | Concentration: | ☒ Appropriate | ☐ Inappropriate |
|---|---|---|---|---|---|
| Behavior: | ☒ Appropriate | ☐ Inappropriate | Memory: | ☒ Appropriate | ☐ Inappropriate |
| Mood: | ☒ Appropriate | ☐ Inappropriate | Speech: | ☒ Appropriate | ☐ Inappropriate |
| Affect: | ☒ Appropriate | ☐ Inappropriate | Thoughts: | ☒ Appropriate | ☐ Inappropriate |

**Subjective, Objective, Assessment**

SUBJECTIVE SYMPTOMS-
Now no SI, HI, AH, VH, Pas ID,
mood swings
⊕ racing thoughts, bad thoughts, distract, sleep 6°
⊖ depression 8-9 on 0-10   No nightmares as freq - now 3x/wk. was prev q nite.

PSYCH MEDS- Depakote 1250 mg/day
Risperdal 4mg QHS
Prazosin 1mg QHS

COMPLIANCE- Remeron 15mg QHS
Stopped Depakote before   Prozac 20mg QHS
blood test (2-10-15) - says
SIDE EFFECTS- → dizzyness, "not been given" Depakote.
Guards "stealing"

MEDICATION ALLERGIES- NKDA

MEDICAL PROBLEMS- ASTHMA

BLOOD TEST RESULTS- VPA < 10 on 2-10-15 - Told I/m result

MENTAL STATUS EXAM (OBJECTIVE)-
Objic not manic, psychotic Depressd.
No SI, HI, I/s Jail. He intact mood
AXIS I  H₂ Bipolar Dis, UNSP & psychotic feat.
 II  deferral
 III  H₂ ASTHMA
 IV  incarceration
 V  68

**Plan**

I/m wants ↓ Prazosin, resume
Depakote at 1000 mg/day,
cont. other 4 meds.

P-

Meds- ↑ Depakote 500mg bid
Risperdal 4mg QHS
↓ Prazosin 0.5mg QHS
Remeron 15mg QHS
Prozac 20mg QAM

Blood tests ordered. VPA

F/u  4 wks.

| Clinician Name (Print): DR. KELLY | Signature: J. Kelly, MD |
|---|---|
| Facility: STATEVILLE | Title: MD, PSYCHIATRIST |

Printed on Recycled Paper

DOC 0282 (Rev. 6/2012)

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

B1014

| Date: 11-18-15 | Offender: (Please Print) Donald Haywood | ID#: R47947 |

Present Facility: Stateville CC | Facility where grievance issue occurred: Stateville CC

### NATURE OF GRIEVANCE:

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☒ Other (specify): Mental Health

- ☐ Disciplinary Report: _____/_____/_____  Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

on 11-18-15. I went to the health care to get my meds and I saw the mental Health Doctor Ms. Konrad o who i was told was my mental Health Doctor and Ask her For the 10th or 11th time Can i bea seen I have some issues that I Need to talk About. Then the told me I'm not going to Rush your Name up to the top of my List i am Running behind on seeing People. I then told her that It has been over 19 month Since i been seen by anyone. Although I did talk to a (Crisises) team last

Relief Requested: I Need to be seen by someone Soon

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Donald Haywood | R47947 | 11, 18, 15
Offender's Signature | ID# | Date

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: 1, 22, 16 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: This grievance is untimely you have 60 days from the date of incident to file

L. Acklin | | 1, 22, 16
Print Counselor's Name | Counselor's Signature | Date of Response

---

### EMERGENCY REVIEW

Date Received: _____/_____/_____ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

EB

Chief Administrative Officer's Signature | _____/_____/_____ Date

Distribution: Master File; Offender | Page 1 | DOC 0046 (8/2012)
Printed on Recycled Paper

( EXHIBIT "R" )

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

B1014

| Date: 11-18-15 | Offender: (Please Print) Donald Haywood | ID#: R47947 |
|---|---|---|
| Present Facility: Stateville CC | Facility where grievance issue occurred: | Stateville CC |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ HIPAA  Mental Health
- ☒ Other (specify): Mental Health

- ☐ Disciplinary Report: _____/_____/_____
Date of Report                    Facility where issued

Note:     Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On 11-18-15. I went to the health care to get my meds and I saw the mental Health Doctor Ms. Konrad @ who i was told was my mental Health Doctor and Ask her For the 10th or 11th time Can i bea Seen i have some Issues that I Need to talk About. Then the told me I'm not going to rush your Name up to the top of my list I am Running behand on seeing People. I then told her that It has been over 13 month Since i been seen by anyone Although I did talk to a crisis's team Last

Relief Requested: I Need to be seen by someone Sion

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Donald Haywood                    R47947              11, 18, 15
Offender's Signature                    ID#                    Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: 1, 22, 16

☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: This grievance is untimely You have 60 days from the date of incident to file.

L. Acklin                    _____              1, 22, 16
Print Counselor's Name          Counselor's Signature          Date of Response

**EMERGENCY REVIEW**

Date Received: _____/_____/_____

Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

EB

_____                    _____/_____/_____
Chief Administrative Officer's Signature                    Date

Distribution: Master File; Offender                    Page 1                    DOC 0046 (8/2012)

(EXHIBIT "R")

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS

# Offender Disciplinary Report

**Type of Report:** ☒ Disciplinary ☐ Investigative

Facility: [illegible] Date: 1/29/16

Offender Name: Haywood, Donald ID #: K47947

Observation Date: 1/29/16 Approximate Time: 9:30 ☐ a.m. ☐ p.m. Location: [illegible]

**Offense(s): DR 504:** [illegible]

**Observation:** (NOTE: Each offense identified above must be substantiated.) On the above date at the approximate time, [illegible]

Witness(es): Sgt [illegible]

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| [illegible] | | [illegible] | 1/29/16 | 10:20 ☒ a.m. ☐ p.m. |
|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |

## Disciplinary Action:

**Shift Review:** ☐ Temporary Confinement ☐ Investigative Status Reasons: ____

Printed Name and Badge # ____ Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer) ____ Date ____

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer Comment: ____

☐ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☒ **Minor Infraction,** submitted to Program Unit

Print Reviewing Officer's Name and Badge #: Lt. Meyer [illegible] Reviewing Officer's Signature: [signature] Date: 1/31/16

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

Print Hearing Investigator's Name and Badge # ____ Hearing Investigator's Signature ____ Date ____

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

Offender's Signature: Donald Haywood ID#: R47947

Serving Employee (Print Name): [illegible] Badge #: 252 Signature: [signature]

Date Served: 1/31/16 Time Served: 12:3[illegible] ☐ a.m. ☐ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature ____ ID# ____

---

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report ____ Print offender's name ____ ID# ____

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

Print Name of witness ____ Witness badge or ID# ____ Assigned Cell (if applicable) ____ Title (if applicable) ____

Witness can testify to: ____

Print Name of witness ____ Witness badge or ID# ____ Assigned Cell (if applicable) ____ Title (if applicable) ____

Witness can testify to: ____

(EXHIBIT "S")

Distribution: Master File, Offender, Facility (2)

Page 1 of 1

*Printed on Recycled Paper*

DOC 0317 (Rev. 2/2007)

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## PROGRAM COMMITTEE
## FINAL SUMMARY REPORT

**Name:** HAYWOOD, DONALD    **IDOC Number:** R47947    **Race:** BLK

**Hearing Date/Time:** 2/5/2016  12:12 PM    **Living Unit:** STA-B-06-18    **Orientation Status:** N/A

**Incident Number:** 201600461/1 - STA    **Status:** Expunged Final

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 1/29/2016 | 201600461/1-STA | CORRECTIONAL, STATEVILLE  HEALTH CARE UNIT | | 09:50 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 303 | Giving False Information To An Employee | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| No Witness Requested | | | |

## RECORD OF PROCEEDINGS
Offender R47947 Haywood stated that he asked to speak with a Crisis Team member on 1/29/16.  He was taken to the HCU and spoke with MHP Ramel.

## BASIS FOR DECISION
Charge of 303 not substantiated.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| | ---- E X P U N G E D ---- |

**Basis for Discipline:**

## Signatures
### Hearing Committee

| | Signature | Date | Race |
|---|---|---|---|
| MANSFIELD, DAVID L - Chair Person | | 02/05/16 | WHI |
| Recommended Action Approved | | | |

**Final Comments:** N/A

---

| | Signature | Date |
|---|---|---|
| RANDY S PFISTER / RSP  2/15/2016 | | 02/15/16 |
| **Chief Administrative Officer** | | |

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

| | When Served - - Date and Time | |
|---|---|---|
| NICCOELLE E JACKSON | 2/18/2016 | 10:50 AM |
| **Employee Serving Copy to Committed Person** | | |

( EXHIBIT F )

Run Date: 3/3/2016 08:48:38      Page 1 of 1

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | | |
|---|---|---|---|
| **Name:** HAYWOOD, DONALD | | **IDOC Number:** R47947 | **Race:** BLK |
| **Hearing Date/Time:** 2/24/2016  08:40 AM | | **Living Unit:** STA-B-06-18 | **Orientation Status:** N/A |
| **Incident Number:** 201600694/1 - STA | | **Status:** Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 2/18/2016 | 201600694/1-STA | GALLEGOS, AMANDA | HEALTH CARE UNIT | 12:15 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 303 | Giving False Information To An Employee | Guilty |
| 304 | Insolence | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| **No Witness Requested** | | | |

## RECORD OF PROCEEDINGS

Inmate Haywood R47947 present and DR read. Haywood R47947 states he was referred to DR. Kelley for his feelings says he stopped taking his meds because B house staff was Harassing him.

## BASIS FOR DECISION

Inmate Haywood R47947 called for a crisis because of issues he was having with security staff.
Mental Health staff told inmate Haywood R47947 that his reason for calling a crisis was inappropriate, and inmate Haywood R47947 began yelling.
Inmate Haywood R47947 yelled, "go ahead and write me a ticket." as he walked to the door.
Inmate Haywood R47947 was identified by his state issued id.
Per mental health, inmate Haywood's R47947         Mental Health did not contribute to the underlying behavior of the offense for which the doc 0317 was issued. Up to 30 days in seg was recommended. Doc 0443 form attached to disciplinary report in inmates master file.
The committee is satisfied the violations occurred as reported.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 1 Months C Grade | 1 Months C Grade |
| Other : SMI | Other : SMI |
| 1 Months Commissary Restriction | 1 Months Commissary Restriction |
| **Basis for Discipline:NATURE OF OFFENSE** | |

## Signatures
### Hearing Committee

| | | Date | Race |
|---|---|---|---|
| BEST, CHARLES F  - Chair Person | *Signature* | 02/24/16 | BLK |
| BASS, SHAUN D | *Signature* | 02/24/16 | BLK |

Recommended Action Approved

## Final Comments: N/A

( EXHIBIT "u" )

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

**Name:** HAYWOOD, DONALD      **IDOC Number:** R47947      **Race:** BLK

**Hearing Date/Time:** 2/24/2016  08:40 AM      **Living Unit:** STA-B-06-18      **Orientation Status:** N/A

**Incident Number:** 201600694/1 - STA      **Status:** Final

---

RANDY S PFISTER / NRL  3/7/2016                            03/07/16

    **Chief Administrative Officer**                                  Signature                Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

    **Employee Serving Copy to Committed Person**                                When Served  - - Date and Time

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | | |
|---|---|---|---|
| **Name:** HAYWOOD, DONALD | **IDOC Number:** R47947 | | **Race:** BLK |
| **Hearing Date/Time:** 2/29/2016   09:58 AM | **Living Unit:** STA-B-06-18 | | **Orientation Status:** N/A |
| **Incident Number:** 201600680/1 - STA | **Status:** Final | | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 2/18/2016 | 201600680/1-STA | JERZ, BRENDA L | HEALTH CARE UNIT | 01:00 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 206 | Intimidation Or Threats | Not Guilty |
| 304 | Insolence | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status | |
|---|---|---|---|---|
| Staff | | SIEVERS, JOHN | Testimony Would Be Irrelevant | Requested By Inmate |

**Statement:** Sgt Sievers was not present when the incident occurred and inmate Haywood R47947 admitted to the committee that he did write the note.

_Witness Interviewer Signature_       I attest to the statements as being a correct reflection of the statements provided to me by witnesses.

## RECORD OF PROCEEDINGS
Inmate Haywood R47947 present and DR read. Haywood R47947 states that he did write the note but he wasn't threating anyone.

## BASIS FOR DECISION
Inmate Haywood R47947 wrote a note to R/E which stated, 'if  you spend more time filling our orders and less time smoking  stuff done in time before our dates' ' you act like thisshit isn't important."
Inmate Haywood R47947 admits that he did write the letter.
Per mental health, inmate Haywood's R47947        Mental Health did not contribute to the underlying behavior of the offense for which the DOC 0317 was issued. Up to 6 months in seg was recommended. Doc 0443 form attached to disciplinary report in inmates master file.
The committee is satisfied the violation of 304 occured as reported.

## DISCIPLINARY ACTION   _(Consecutive to any priors)_

| RECOMMENDED | FINAL |
|---|---|
| Verbal Reprimand | Verbal Reprimand |
| **Basis for Discipline:** | |

### Signatures
**Hearing Committee**

| | | Date | Race |
|---|---|---|---|
| BEST, CHARLES F  - Chair Person | _Signature_ | 02/29/16 | BLK |
| HART, BETH A | _Signature_ | 02/29/16 | WHI |
| MILLER, RUTH | _Signature_ | 02/29/16 | BLK |

Recommended Action Approved

## Final Comments: N/A

( EXHIBIT "V" )

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

**Name:** HAYWOOD, DONALD     **IDOC Number:** R47947     **Race:** BLK

**Hearing Date/Time:** 2/29/2016   09:58 AM     **Living Unit:** STA-B-06-18     **Orientation Status:** N/A

**Incident Number:** 201600680/1 - STA     **Status:** Final

---

RANDY S PFISTER / NRL  3/7/2016             03/07/16

Chief Administrative Officer           Signature          Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

Employee Serving Copy to Committed Person         When Served  -- Date and Time