IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DONALD HAYWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 CV 3566 |
| | ) | |
| WEXFORD HEALTH SOURCES, et al., | ) | |
| | ) | |
| Defendants. | ) | Hon. Elaine Bucklo |

**PLAINTIFF'S MOTIONS *IN LIMINE* NOS. 1-9 TO EXCLUDE
<u>IRRELEVANT AND PREJUDICIAL EVIDENCE</u>**

Plaintiff moves now to preclude Defendants from distracting or unfairly biasing jurors

regarding the issue in this case: namely, whether Defendants were deliberately indifferent to

Plaintiff's mental illness and living conditions in F-House. Evidence and argument related to

Plaintiff's life circumstances and choices, past and present, are irrelevant to the key question of

whether Defendants violated the Eighth Amendment's prohibition on cruel and unusual

punishment. Further, given the disposition of this case, which has been settled as to several

defendants and has had claims against other defendants dropped, Plaintiff expects that

Defendants may try to redirect the jury's attention toward irrelevant and prejudicial evidence that

is plainly inadmissible. Accordingly, Plaintiff moves to preclude Defendants from distracting the

jury with references to prior settlements, previously dismissed or other potential non-party

defendants, or presentation of evidence of Defendants' wealth or ability to pay a damages award.

Plaintiff seeks to exclude the following evidence accordingly:

- **MIL No. 1: Evidence Of Plaintiff's Criminal History.** Plaintiff's arrests, pending criminal charges, and criminal convictions are not relevant to Plaintiff's claims of deliberate indifference. Indeed, the Seventh Circuit has repeatedly barred the use of such evidence in similar cases. Plaintiff is not on trial—Defendants are. This evidence is inadmissible.

- **MIL No. 2: Evidence of Plaintiff's Disciplinary History.** Just as Plaintiff's criminal history are irrelevant to his claims of deliberate indifference, so is his disciplinary history beyond the disciplinary ticket at issue regarding a cell phone charge. Any other evidence of Plaintiff's disciplinary history is highly prejudicial and inadmissible.

- **MIL No. 3: Evidence of Plaintiff's Witnesses' Criminal and Disciplinary History.** Just as Plaintiff's criminal and disciplinary history is irrelevant to the claims in this case, so is the criminal and disciplinary history of his witnesses.

- **MIL No. 4: Evidence Of Plaintiff's Past Or Current Romantic Relationships.** Plaintiff's past or current relationships, including any reference to his correspondence on writeaprisoner.com, are irrelevant and inadmissible. Fed. R. Evid. 412(a).

- **MIL No. 5: Evidence of Other Lawsuits Filed by Plaintiff.** Any evidence or testimony concerning whether Plaintiff has filed any other lawsuits prior or subsequent to his Complaint in this case should be barred as irrelevant and inadmissible.

- **MIL No. 6: Reference To Plaintiff or His Witnesses As A Felon, Convict, Offender, Criminal, Inmate, Or Parolee.** Referring to Plaintiff or his witnesses in front of the jury by any of these terms is unduly prejudicial and should be barred under Fed. R. Evid. 403. Defendants should refer to Plaintiff and his witnesses by their names, as they would any other party.

- **MIL No. 7: Previously Undisclosed Opinion Testimony Or Other Witnesses.** To the extent Defendants intended to pursue a more robust factual defense this late in the game, they must have timely disclosed it. Plaintiff moves to exclude any undisclosed expert or fact testimony under Rules 26 and 37.

- **MIL No. 8: Reference to Dismissed Defendants and Potential Defendants.** That Plaintiff previously sued additional defendants—and that there are third parties that Plaintiff chose not to sue—is irrelevant to Defendant Williams', Hunter's, Best's, and Hart's liability for Plaintiff's harm. Fed. R. Evid. 401. Jurors will be asked to ascertain liability and damages only with respect to the Defendants in this case and at trial. Seventh Circuit Pattern Jury Instructions 1.26 (2017 Ed.). Thus, any reference to or argument about previously dismissed defendants or individuals who were not sued will distract the jury and confuse the issues and should be excluded. Fed. R. Evid. 403.

- **MIL No. 9: Evidence Related to Defendants' Wealth or Ability to Pay a Damages Award.** Any evidence related to Defendants' wealth or ability to pay a damages award has no relevance on the claims at hand and may unduly prejudice the jury in favor of the Defendants.

## I.      MIL NO. 1: EVIDENCE OF PLAINTIFF'S CRIMINAL HISTORY

Defendants should be precluded from providing testimony, other evidence, or argument

regarding Plaintiff's criminal history. This information has no bearing on the claims in this civil

lawsuit, and any probative value is substantially outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 403. Accordingly, Plaintiff requests that the Court enter an order *in limine* barring any references before the jury to criminal charges, arrests, convictions, or sentences. Beyond mention that Mr. Haywood was incarcerated at Stateville Correctional Center, all such evidence should be excluded.

Not one of Plaintiff's prior arrests or convictions are relevant to the key claims here: Plaintiff being subjected to health and safety risks in F-House without adequate mental health treatment, despite his designation as seriously mentally ill and mental decompensation. Further, none of Plaintiff's arrests or convictions are relevant to Plaintiff's truthfulness or credibility, so they should be excluded under Fed. R. Evid. 401 and 402.

## A. Prior Charges and Arrests

The "well-established, general rule is that a witness's credibility may not be impeached by evidence of his or her prior arrests, accusations, or charges." *Barber v. City of Chi.*, 725 F.3d 702, 709 (7th Cir. 2013) (collecting Seventh Circuit cases); *see generally, U.S. v. McCarthur*, 6 F.3d 1270, 1279 (7th Cir. 1993). Such evidence has "miniscule probative value" and cannot be used to impeach because of the risk of unfair prejudice. *Id.* at 714. A person's arrest history says nothing about character for truthfulness, nor does it have anything to do with a Section 1983 plaintiff's claims or damages. *Nelson v. City of Chi.*, 810 F.3d 1061, 1068–69 (7th Cir. 2016) (warning against admitting a civil-rights plaintiff's arrest history on the theory it is relevant to damages).

These well-established rules plainly apply here. This case concerns whether Defendants violated the Eighth Amendment's prohibition on cruel and unusual punishment by their

deliberate indifference to Plaintiffs' conditions of confinement and mental illness needs.

Plaintiffs' arrest history holds no relevance to any of these claims.

Moreover, to the extent there is any probative value from Plaintiff's arrest history, it is

"overwhelmingly outweighed by its inevitable tendency to inflame and prejudice the jury."

*Barber*, 725 F.3d at 709 (quoting *United States v. Dilts*, 501 F.2d 531, 535 n.14 (7th Cir. 1974));

*Nelson*, 810 F.3d at 1067–69 (finding that the risk of prejudice is "enormous"). Evidence of prior

arrests serves no purpose other than "generally impugn[ing] character" by "invit[ing] the jury to

draw a propensity inference, forbidden by Rule 404(b), that the plaintiff is a serial law breaker

and general troublemaker." *Nelson*, 810 F.3d at 1069. Thus, prior arrest evidence presents a

"substantial risk that the jury will render a defense verdict based not on the evidence but on

emotions or other improper motives, such as a belief that bad people should not be permitted to

recover from honorable" state actors. *Id.* (quoting *Barber*, 725 F.3d at 714).

### B. Prior Convictions

Evidence of Plaintiff's prior convictions are inadmissible for the same reasons as his arrest

history.[1] The events in the complaint occurred while Plaintiff was in the custody of the Illinois

Department of Corrections, and the fact of his incarceration is thus unavoidable. However, this

case has nothing to do with the *reason* for Plaintiff's incarceration, nor with the details and

specifics of his prior convictions. These facts, accordingly, are not "of consequence in

determining the action" and thus inadmissible under Federal Rules of Evidence 401 and 402.

Fed. R. Evid. 401(b); *see,* Fed. R. Evid. 402.

Evidence of Plaintiff's criminal conviction history is also inadmissible for impeachment

purposes. The use of a witness's criminal convictions to attack his credibility is governed by

---

[1] During the time period at issue in this case, Mr. Haywood was incarcerated for first degree murder on an accountability theory.

Federal Rule of Evidence 609. Under Rule 609(a)(1), evidence that a party witness has been convicted of a felony may be admitted for the purpose of impeachment, **subject to** Rule 403. Rule 403, in turn, provides that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.

Here, the effect of introducing evidence of Plaintiff's felony convictions would be highly prejudicial and this prejudice substantially outweighs any probative value that his convictions may provide to the claims at hand. Just like his arrest history, Plaintiff's convictions—particularly his first-degree murder conviction—have the "inevitable tendency to inflame and prejudice the jury." *Barber*, 725 F.3d at 709; *see Gomez v. Palmer*, No. 11 C 1793, 2016 U.S. Dist. LEXIS 5687, at *5 (N.D. Ill. Jan. 19, 2016) ("Allowing evidence that [witnesses] are convicted murderers encourages the jury to view [each of them] as a bad person not because he is a liar… but instead because he committed a dangerous offense that jurors might find threatening.") (Internal quotes and citations omitted). Not only that, but the specifics and nature of Plaintiff's prior convictions are wholly irrelevant to his claims about the conditions at Stateville Correctional Center.

Additionally, to allow evidence of Plaintiff's criminal convictions would unfairly turn the focus of the trial to his past conduct, thus creating confusion as to the real issues in the case. *Barber*, 725 F.3d at 714; *see also Hernandez v. Cepeda*, 860 F.2d 260, 264 (7th Cir. 1988) (noting that limitations on use of prior felony convictions "are designed to ensure that evidence of a prior conviction is not used to impermissibly shift the focus of the trial to the witness's past conduct"); *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992) ("[C]ourts should be careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him or her."). If the jurors hear the details of Plaintiff's past convictions, their judgment of Plaintiff may be

skewed in a manner that impedes their ability to adjudicate this case fairly. *See Barber*, 725 F.3d at 714.

For this reason, courts in this circuit have repeatedly held that evidence of a plaintiff's criminal history is shielded by Rule 403 from disclosure for impeachment purposes because its prejudicial effect substantially outweighs its probative value. *See, e.g.*, *Barber*, 725 F.3d at 714 (concluding that district court abused its discretion by permitting evidence of a § 1983 plaintiff's past conviction); *Kunz v. Defelice*, 538 F.3d 667, 674–75 (7th Cir. 2008) (upholding a trial court's decision to exclude the plaintiff's prior conviction from evidence in a § 1983 action); *Rogers v. Wexford of Ind.*, LLC, No. 1:19-cv-03722-TWP-MPW, 2022 U.S. Dist. LEXIS 189759, at *2-3 (S.D. Ind. Oct. 18, 2022) (granting motion to "exclude evidence of [plaintiff's] criminal history, including the offense for which he is currently imprisoned, and the duration of his sentence").

Lastly, Plaintiff's convictions do not fall under the exception to impeach his truthfulness, and thus should not be permitted for any purpose. While Rule 609(a)(2) admits convictions for crimes involving a "dishonest act or false statement," Fed. R. Evid. 609(a)(2), the Advisory Committee Notes explain these are "crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense… which involves some element of deceit, untruthfulness, or falsification bearing on the witness's propensity to testify truthfully." *Id.*, adv. comm. note. Plaintiff has not been convicted of any such crimes, and thus his convictions are not admissible here–for impeachment or otherwise.

## II.   MIL NO. 2: EVIDENCE OF PLAINTIFF'S DISCIPLINARY HISTORY

Other than the key disciplinary charge at issue in this case–a contraband charge for cell phone usage which resulted in Plaintiff's placement into F-House for one year–Defendants should also be barred from introducing evidence or eliciting testimony regarding any disciplinary charges or actions taken against Plaintiff during his incarceration, under both Rules 403 and 404. Evidence of past discipline or misconduct is not relevant, has no probative value, and could confuse the jury. *See e.g.*, *Gomez,* No. 11 C 1793 at *9 (barring evidence of prisoner-plaintiff's disciplinary records because they "are not relevant to his claims and do not bear on his credibility or veracity"). The one exception is Plaintiff's disciplinary ticket for cell phone usage, which is core to the claim against Defendant Best—that is, that Defendant Best was deliberately indifferent to Plaintiff's mental health needs by sentencing him to one year in segregation to set an example for using a cell phone to call individuals on his approved call list. Other than that incident, none of Plaintiff's disciplinary history is relevant to his Eighth Amendment claims against the Defendants.

Evidence of a prisoner's conduct violations or other disciplinary history are generally not admissible in a civil action against facility officials for violation of a plaintiff's civil rights—particularly when used as character evidence. Under Rule 404, "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "[E]vidence of [] disciplinary infractions is quintessential 404(b) character evidence" that is typically prohibited from being introduced at trial. *Giles v. Rhodes*, 2000 U.S. Dist. LEXIS 13980, at *34 (S.D.N.Y. 2000). Any such evidence only serves to improperly impugn Plaintiff's character under Rule 404(b) and incentivize the jury to draw a propensity inference that a

plaintiff is a "general troublemaker" or prone to misconduct. *Nelson*, 810 F.3d at 1069; *Gomez*, 2016 U.S. Dist. LEXIS 5687, at *9-10 (excluding evidence of disciplinary record). Such evidence has limited—if any—probative value that is substantially outweighed by its prejudicial effect. Fed. R. Evid. 403.

Moreover, allowing the evidence of Plaintiff's disciplinary record here would result in a mini-trial of each disciplinary violation, distracting from the real issues in this case. *See U.S. v. Thomas*, 11 F.3d 1392, 1399 (7th Cir. 1993) (affirming exclusion of evidence of specific prior conduct because it would confuse the issues and result in "mini-trials of each alleged incident of abuse"); *see also McIntosh v. Lindsey*, 16-CV-927-DWD, 2021 U.S. Dist. LEXIS 107604, at *3 (S.D. Ill. Mar. 26, 2021) (barring evidence of plaintiff's prison disciplinary record as "highly prejudicial and marginally probative and properly excluded under FRE Rule 403," as well as "barred by FRE Rule 404"); *Ellis v. Navarro*, No. C 07-5126 SBA PR, 2012 U.S. Dist. LEXIS 116491, at *8-10 (N.D. Cal. Aug. 17, 2012) (granting motion *in limine* to exclude plaintiff's disciplinary record since doing so had "marginal probative value," would be "unduly prejudicial," and would "trigger mini-trials concerning each of the incidents"). The key questions here are whether Defendant Best's punishing Plaintiff for his use of a cell phone to set an example constituted deliberate indifference to his mental health condition; whether Defendants Hunter and Williams were deliberately indifferent to the health and safety risks that Plaintiff faced in F-House; and whether Defendant Hart's failure to refer Plaintiff for mental health treatment during his mental decompensation constituted deliberate indifference to his mental illness. Plaintiff's disciplinary record beyond the cell phone ticket is not relevant to these claims and is highly prejudicial in framing Plaintiff as a rule-breaker or general troublemaker.

For the reasons set forth above, the Court should enter an order *in limine* barring any references to Plaintiff's disciplinary history while incarcerated, except for the cell phone ticket he received in June 2014.

## III. MIL NO. 3: EVIDENCE OF PLAINTIFFS' WITNESSES' CRIMINAL AND DISCIPLINARY HISTORY

For the same reasons that the Court should bar reference to Plaintiff's criminal history and prison disciplinary history, it should bar reference to the criminal history or prison disciplinary history of witnesses who are or were incarcerated. Plaintiff anticipates calling one or more witnesses who are presently or were previously incarcerated. The witnesses' convictions and disciplinary record have no probative value in this case and would be highly prejudicial, as a jury will likely focus on those convictions rather than focusing on the testimony about the events of the case at hand. They are thus inadmissible under Rule 403. Moreover, Plaintiff's witnesses are not on trial. For the reasons set forth above, the Court should enter an order *in limine* barring any references or evidence of witnesses' criminal history, convictions, past conduct violations, or disciplinary history while incarcerated.

## IV. MIL NO. 4: EVIDENCE OF PLAINTIFF'S PAST OR CURRENT ROMANTIC RELATIONSHIPS

Plaintiff moves to bar Defendants from introducing any evidence of Plaintiff's past or current romantic relationships, including any correspondence Plaintiff had on writeaprisoner.com. This includes any lines of questioning about Plaintiffs' dating history. Any such evidence is wholly irrelevant to the claims here, which relate to Plaintiff's conditions of confinement, lack of mental health treatment, and discipline received without consideration of his mental illness. This evidence thus should be excluded under Fed. R. Evid. 402.

## V.    NO. 5: EVIDENCE OF OTHER LAWSUITS FILED BY PLAINTIFF

In addition to this action, Plaintiff has brought other unrelated lawsuits against defendants in correctional institutions. His unrelated lawsuits are irrelevant to this case and should be deemed inadmissible under Federal Rules of Evidence 401 and 402. Fed. R. Evid. 401(a), *see generally,* Fed. R. Evid. 402 (noting that evidence is only relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence," and "[e]vidence which is not relevant is not admissible").

Plaintiff's prior, unrelated lawsuits are plainly not relevant to any issue in this case. They do not make it any more or less probable that Defendants violated Plaintiff's constitutional rights when they failed to consider or treat his mental illness and subjected him to inhumane conditions in F-House. In contrast, allowing this evidence would "result[] in mini-trials on the merits of those litigations, adding substantial delay to the . . . trial." *See BP Amoco Chem. Co. v. Flint Hills Res., LLC*, 697 F. Supp. 2d 1001, 1038 (N.D. Ill. 2010) (citing *Mathis v. Phillips Chevrolet Inc.*, 269 F.3d 771, 775–76 (7th Cir. 2001)). Nor is this evidence admissible to suggest that Plaintiff is litigious. Under Rule 404(b)(1), courts routinely exclude evidence of a plaintiff's other lawsuits when defendants seek to use such evidence to establish the plaintiff's litigious character. *See Mathis*, 269 F.3d at 776 (discussing that evidence of plaintiff's prior lawsuits is not admissible to show the plaintiff's propensity to file lawsuits; whatever "slight probative value" a plaintiff's litigiousness may have "is outweighed by the substantial danger of jury bias against the chronic litigant") (internal citation omitted).

Furthermore, any probative value that this evidence might have would be greatly outweighed by its prejudicial effect. *See* Fed. R. Evid. 403. If such evidence were permitted, the result would be prejudicial to Plaintiff by suggesting that he is prone to filing lawsuits or other complaints,

and it would present the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time." *Id.* Any attempt to introduce such evidence by Defendants would be highly prejudicial and would serve simply to incite the passions of the jury. It could also create a situation in which the jury renders a lesser verdict because of Plaintiff's unrelated conduct.

For the reasons set forth above, the Court should enter an order *in limine* prohibiting evidence and testimony concerning whether Plaintiff has filed any other lawsuits prior or subsequent to his Complaint in this case.

## VI. MIL NO. 6: REFERENCE TO PLAINTIFF OR HIS WITNESSES AS A FELON, CONVICT, OFFENDER, CRIMINAL, INMATE, OR PAROLEE

Plaintiff respectfully moves to bar Defendants from referring to Plaintiff or any of his witnesses as "felons," "convicts," "offenders," "criminals," "inmates," or "parolees" in front of the jury. The incident in this case took place inside a correctional center. Defense counsel may try to inflame, discredit, and bias the jury by referring to Plaintiff and his fact witnesses as "felons," "convicts," "offenders," "criminals," "inmates," or "parolees." Any such reference would have no probative value, would be prejudicial and inflammatory, and would constitute improper character evidence under FRE 404(b). Therefore, Defendants should be barred from using these terms when referring to Plaintiff or witnesses with criminal backgrounds.

## VII. MIL NO. 7: PREVIOUSLY UNDISCLOSED OPINION TESTIMONY OR OTHER WITNESSES

Plaintiff moves *in limine* to bar Defendants from eliciting undisclosed opinion testimony. Under Federal Rule of Civil Procedure 26(a)(2), the parties must disclose the identities of all witnesses they intend to offer as experts at trial. Further, for retained witnesses, parties must disclose written reports containing complete statements of all opinions. For non-retained experts,

11

parties must disclose the subject matter on which the witness is expected to present evidence as well as a summary of the facts and opinions to which the witness is expected to testify. As Defendants failed to disclose any experts or opinion testimony, the Court should not permit any such testimony now. Nor should the Court permit testimony from any undisclosed fact witness. Any testimony from any such witness is prohibited under Federal Rule of Civil Procedure 37(c)(1) and should be barred accordingly.

### VIII. MIL NO. 8: REFERENCE TO DISMISSED DEFENDANTS AND POTENTIAL DEFENDANTS

Plaintiff moves *in limine* to exclude any reference to defendants who have been dismissed from this case, third parties whom Plaintiff chose not to sue, or any settlement to resolve claims against prior defendants. At issue in this case is the liability of four defendants: Terry Williams, Darrin Hunter, Charles Best, and Beth Hart. These Defendants should be barred from referencing or making arguments about previously dismissed defendants or any other potential defendants that Plaintiff chose not to sue. Such evidence and arguments are irrelevant and prejudicial; they have nothing to do with any meaningful issue at trial and would lead to tangential arguments that would confuse and distract the jury. Indeed, jurors are to ascertain liability and damages only with respect to remaining parties; thus, references to dismissed or other potential defendants should be excluded. Fed. R. Evid. 401, 402, 403; Seventh Circuit Pattern Jury Instructions 1.26 (2017 Ed.).

Evidence is only relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and that fact "is of consequence in determining the action." Fed. R. Evid. 401. In analyzing relevance, the Court must consider the substantive elements of Plaintiff's claims. *Plyler v. Whirlpool Corp.*, 2012 U.S. Dist. LEXIS 17433, at *8 (N.D. Ill. Feb. 13, 2012). The underlying claim at trial is whether Defendants acted with deliberate indifference

toward a risk to Plaintiff's health and safety. *See J.K.J. v. Polk Cnty.*, 960 F.3d 367, 376 (7th Cir. 2020); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, whether anyone else was sued (or not) has nothing to do with the issue at trial—whether the four existing Defendants deprived Plaintiff of his constitutional rights. See *Graham v. Bennett*, 2007 U.S. Dist. LEXIS 17902, at *9 (C.D. Ill. Mar. 12, 2007) (The court barred evidence that an individual was once a party to an action because "evidence of these dismissed counts is irrelevant to whether Defendant used excessive force and the prejudice resulting from admission of this evidence outweighs its probative value."); Seventh Circuit Pattern Jury Instructions 1.26 (2017 Ed.) ("You should decide this case as to the remaining parties").

Moreover, reference to settlements or previously dismissed or other potential defendants is unduly prejudicial to the resolution of Plaintiff's claims and should be excluded because it will distract the jury and confuse the issues. See Fed. R. Evid. 403. For example, Defendants may try to suggest that the fact that some defendants were dismissed at summary judgment or that other defendants have settled the strongest claims in this case weakens the viability of Plaintiff's claims against the current Defendants. That argument is meritless, particularly because this Court held at summary judgment that a reasonable jury could find that current Defendants were deliberately indifferent to Plaintiff's conditions of confinement and segregation sentence despite his designation as seriously mentally ill. ECF No. 531. Any discussion about the previous defendants would distract the jury from these core issues of liability and damages as they relate to the trial defendants.

Accordingly, this Court should bar any reference or related evidence presented by Defendants related to any defendants Plaintiff previously sued who have been dismissed or whose claims have been settled and related to any defendants Plaintiff chose not to sue.

13

IX.     **MIL NO. 9: EVIDENCE RELATED TO DEFENDANTS' WEALTH OR ABILITY TO PAY A DAMAGES AWARD**

Plaintiff moves to exclude any evidence relating to Defendants' wealth or ability to pay a damages award. Only relevant evidence—that which has bearing on the issues to be tried—is admissible at trial. Fed. R. Evid. 401, 402. Evidence about whether Defendants are able to pay any damages award Plaintiff seeks has no bearing on whether Defendants violated his constitutional rights and, therefore, is irrelevant and inadmissible. Such evidence should also be excluded because it would lead to "unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time." Fed. R. Evid. 403. Further, Plaintiff moves to bar testimony or argument that a ruling in his favor would result in higher taxes or would be paid by taxpayers. The Seventh Circuit has indeed ruled that appeals to jurors' pecuniary interests as taxpayers are improper. *See Moore ex rel. Estate of Grady v. Tuleja*, 546 F.3d 423, 429 (7th Cir. 2008).

For the reasons set forth above, the Court should enter an order *in limine* barring Defendants from presenting evidence at trial of their wealth or ability to pay a damages award, or testimony or argument that the damages in this case would be paid by taxpayers.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its motions *in limine* seeking to bar irrelevant evidence, argument, and testimony related to Plaintiff's criminal history, disciplinary history, romantic relationships, undisclosed opinions or witnesses; to bar reference to Plaintiff or Plaintiff's witnesses as "felons," "convicts," "offenders," "criminals," "inmates," or "parolees;" to bar reference to any settlement or dismissal of prior defendants or third parties who have not been sued; and to bar reference to any pecuniary interest of jurors as taxpayers or the wealth or ability of defendants to pay the damages in this case.

14

15

Dated: August 15, 2025

Respectfully submitted,

By: /s/ Alyssa Meurer
*One of Plaintiff's Attorneys*

Alyssa Meurer
Alan Mills
Nicole Schult
UPTOWN PEOPLE'S LAW CENTER
4413 N Sheridan Rd.
Chicago, IL 60640
773-769-1411
alyssa@uplcchicago.org
alan@uplcchicago.org
nicole@uplcchicago.org

## CERTIFICATE OF SERVICE

This is to certify that on August 15, 2025, a true and correct copy of the foregoing was

electronically filed and served upon counsel of record via the Court's CM/ECF system.


Respectfully submitted,

/s/ Alyssa Meurer_____
*One of Plaintiff's Attorneys*

Alyssa Meurer
UPTOWN PEOPLE'S LAW CENTER
4413 N Sheridan Rd.
Chicago, IL 60640
773-769-1411
alyssa@uplcchicago.org