IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Donald Haywood, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case no.: 16-cv-3566 |
| ) | |
| v. ) | |
| ) | Honorable Elaine E. Bucklo |
| Wexford Health Sources, *et al*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTIONS *IN LIMINE***

NOW COME, Defendants, Darrin Hunter, Tarry Williams, Charles Best, and Beth Hart, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, respectfully move this Court to enter the following motions *in limine*, and in support thereof state as follows:

1. **Motion *in limine* No. 1: Bar Lay Psychotherapeutic Testimony.**

Defendants move to bar Plaintiff from offering lay psychotherapeutic testimony, either through his own testimony or that of his non-expert witnesses. Plaintiff cannot testify with any purported knowledge beyond his own personal experience and the treatment that he received, which is that of a lay person with no mental health training. A witness may testify to relevant evidence that is "rationally based on the perception of the witness ... and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." F.R.E. 701; *Farfaras v. Citizens Bank and Trust of Chicago*, 433 F.3d 558 (7th Cir. 2006). Occurrence witnesses, including those providing "lay opinions," cannot provide opinions based on specialized knowledge F.R.E. 701; *see Musser v. Gentiva*, 356 F.3d 751, fn 2 (7th Cir. 2004). Plaintiff's potential testimony concerning the cause of his alleged injuries during his time at Stateville Correctional Center cannot be based upon or reference scientific, technical, or other specialized knowledge that he does not

possess. Therefore, the Plaintiff should be barred from stating, testifying, or opining any positions or conclusions concerning his medical or mental condition, including any claims or assertions that he incurred injuries as a result of the incident at Stateville Correctional Center. Further, Plaintiff should be barred from speculating on the long-term effects of his mental-health and physical conditions, as that knowledge would require both mental health training and experience.

2. **Motion *in limine* No. 2: Bar Plaintiff from Offering Inadmissible Hearsay Statements of Any Mental Health Professionals.**

Plaintiff should be barred from offering testimony at trial as to the statements of any treating medical or mental health professional. While Plaintiff's out-of-court statements *to* treating professionals for the purposes of treatment are admissible, the out-of-court statements made *by a medical professional* to the Plaintiff, not contained in admissible medical records, and offered by the Plaintiff are inadmissible hearsay. *Castronovo v. County of Winnebago*, 2013 U.S. Dist. LEXIS 142457, *5 (N.D. Il. Oct. 2, 2013) (any statement from plaintiff concerning a diagnosis from his "mental health evaluator" is classical hearsay); see Fed. R. Evid. 801, 802. No exception to the hearsay rules permits such statements to be used as evidence. See Fed. R. Evid. 803, 804.

3. **Motion *in limine* No. 3: Bar testimony, evidence or argument regarding Stateville's Closure and F-House.**

Evidence of Stateville's closure and F-house's closure are not admissible and should be barred *in limine* for two principal reasons, due to the inflammatory effect such evidence would likely have on a lay jury.

First, they constitute inadmissible subsequent remedial efforts. Plaintiff claims that the conditions of the F-House housing unit (and Stateville generally) were deplorable. Years after Mr. Haywood transferred out of Stateville and never returned, F-House closed, and Stateville

Correctional Center closed late last year for reconstruction. Plaintiff may offer evidence (or argument) about those two remedial efforts. But both of those events constitute subsequent remedial efforts that are not admissible under Rule of Evidence 407.

Second, the evidence would be dangerously prejudicial under Rule 403. Plaintiff transferred out of Stateville to Pontiac Correctional Center on July 6, 2016. Defendant Williams stopped working at Stateville on July 12, 2015. Judge Andrea Wood ordered the transfer of all inmates (other than those housed in the Health Care Unit) out of Stateville Correctional Center by September 30, 2024. *Dobbey v. Weilding,* 13 CV 1068 (N.D. Ill. August 9, 2024). Plaintiff's claim is limited to the conditions of his confinement *in F-House* during a narrow slice of time—July 2014 to October 2015—a full eight years before Judge Wood's ruling. Evidence of the closure of Stateville Correctional Center should be barred because it would unfairly connect the conditions Mr. Haywood complaints of to a closure none of the Defendants had any part in, and when Plaintiff was no longer at Stateville by many years. The danger of unfair prejudice substantially outweighs any probative value evidence of the closure could possibly give the jury.

This case is about what Mr. Haywood experienced in 2014 and 2015—not what other prisoners experienced almost a decade later. Evidence of the closure of F-house and Stateville must be barred *in limine* under Rule 407, or excluded under Rule 403.

4. **Motion *in limine* No. 4: Bar any evidence of a substantial risk of serious harm to plaintiff absent evidence that defendants were subjectively aware of that substantial risk.**

Defendants anticipate that Plaintiff may argue that Defendants are liable based on information that was available to them or they had access to. This is not the correct standard for a finding of deliberate indifference, which requires subjective knowledge by each Defendant as to a risk of harm to Plaintiff. Establishing that a Defendant "should have known" of a risk to a prisoner

is insufficient for liability under Section 1983. *Pierson v. Hartley*, 39 F.3d 898, 902 (7th Cir. 2004), citing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996). Any information regarding a risk of harm to Plaintiff of which Defendants should have been aware, but were not, is irrelevant to the pending failure to protect claim. Additionally, Plaintiff cannot argue that Defendants' mere access to information constitutes knowledge without proof that they were actually "exposed to information concerning the risk." See *Corbier v. Watson*, No. 16-cv-257, 2017 U.S. Dist. LEXIS 114310, at *9 (S.D. Ill. Jul. 21, 2017) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 737 (7th Cir. 2001); see also *Doe v. Crown Point Sch. Corp.*, No. 12-cv-264, 2015 U.S. Dist. LEXIS 112926, at *13-14 (N.D. Ind. Aug. 26, 2015) ("mere access to information, with no suggestion of willful ignorance . . . is simply not actual notice").

Plaintiff should therefore be barred from offering any evidence of a risk of harm to Plaintiff unless there is evidence that Defendants were subjectively aware of that information—not that the defendants "should" have known it.

5. **Motion *in limine* No. 5: Bar evidence of indemnification.**

Defendants were employed by the State of Illinois at all times relevant to the Complaint and will likely be indemnified by the State if found liable in this case. This is similar to defendants in tort actions, who are covered by liability insurance. Evidence showing that a party is covered by insurance is barred because it is wholly irrelevant to the issues of liability and damages. *See* FED. R. EVID. 411. Evidence of indemnification is also irrelevant to the issues of liability and damages. Furthermore, evidence of indemnification may encourage a jury to inflate its damages award because it knows the government, rather than an individual defendant, is footing the bill. *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998). Accordingly, testimony, evidence, or argument that Defendants may be indemnified by the State of Illinois, if found liable, should be

barred.

6. **Motion *in limine* No. 6: Bar Plaintiff from referencing Defendants' Motions *in limine*.**

Any reference to the existence or filing of any motion *in limine*, to the fact that Defendants have sought to exclude evidence, or to any ruling on a motion *in limine* by the Court, is improper and should be excluded. The only instance in which the Parties should reference any motion *in limine* is to bring the issue to the Court's attention in such a way that it does not influence the jury's fair consideration of the case.

7. **Motion *in limine* No. 7: Bar Plaintiff from offering evidence or arguing the jury should send a message to, warn or admonish the State of Illinois or IDOC.**

Defendants seek to bar Plaintiff from arguing that the jury should punish, admonish, warn, discourage, or otherwise send a message to the State of Illinois based on the alleged conditions of his confinement. Such an argument would improperly suggest to the jury that it could award punitive or exemplary damages against the State of Illinois or IDOC, when neither is a party to this suit. Further, it is already clearly established that a suit against a state may be brought in federal court only when (1) a state official is sued for prospective equitable relief under *Ex Parte Young,* 209 U.S. 123, 159–60 (1908); (2) Congress abrogates the State's immunity pursuant to its powers under Section 5 of the Fourteenth Amendment; or (3) the State consents and waives its immunity. *See, e.g., Gary A v. New Trier High School,* 796 F.2d 940 (7th Cir.1986). Logically, this immunity extends to punitive damages. Sending a message, or punishing a defendant, cannot form the basis for any damages other than punitive damages. *See Betts v. City of Chicago,* 784 F.Supp.2d 1020, 1033 (2011); *Ramirez v. City of Chicago*, 2009 WL 3852378 at *3 (N.D. Ill. Nov. 17, 2009).

8. **Motion *in limine* No. 8: Bar Plaintiff from offering evidence or testimony referencing any "Golden Rule" Appeal.**

Defendants request that the Court bar any "Golden Rule" appeal including any argument

or testimony that the jury place itself in Plaintiff's position or the damages be based on a scenario whereby jurors hypothetically sustain injuries or damages similar to that purportedly sustained by Plaintiff. *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982). "A 'Golden Rule' appeal in which the jury is asked to put itself in the plaintiff's position is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989) (internal quotations omitted); *see also Tomao v. Abbott Labs., Inc.*, 2007 WL 141909 (N.D. Ill. Jan. 16, 2007) (Granting the defendant's motion *in limine* regarding "golden rule" appeal).

9. **Motion *in limine* No. 9: Bar undisclosed witnesses and exhibits.**

Defendants move, pursuant to Federal Rule of Civil Procedure 37(c)(1) to bar the testimony of any undisclosed witnesses and exhibits. Federal Rule of Civil Procedure 37(c) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial ... any witness ... not so disclosed." FED. R. CIV. P. 37(c)(1). If a party fails to make the required disclosures, it may not "use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The fundamental purpose of Rule 37 is to ensure that the merits of the case can be addressed at trial without any party suffering prejudice as a result of nonfeasance or malfeasance during discovery. *Centagon, Inc. v. Bd. of Dirs. of 1212 Lake Shore Drive Condominium Ass'n,* No. 00 C 1110, 2002 WL 356483, at *4 (N.D. Ill. Mar. 5, 2002). Defendants would be prejudiced and suffer great harm at trial from Plaintiff's failure

to disclose, and Defendants' inability to properly prepare for trial. Accordingly, Plaintiff should be barred from presenting evidence and testimony that was not timely disclosed.

Here, on August 5, 2025, Plaintiff "disclosed" for the first time the following witnesses and documents long after the close of fact discovery:

- Witnesses
  - John Baldwin
  - Salvador Godinez
- Documents
  - 2015 status report from the *Rasho* mental-health litigation
  - 2013 settlement agreement between the Illinois Department of Corrections and plaintiffs in the *Rasho* litigation
  - 2010 John Howard Association report regarding Stateville
  - Deposition transcript from unrelated litigation (Lippert v. Godinez) involving a non-defendant
  - CGL report published nearly a decade after Plaintiff left Stateville and after fact discovery closed

These witnesses and documents were not disclosed in Plaintiff's initial or supplemental Rule 26(a) disclosures, nor were they otherwise produced during discovery. Plaintiff has not shown any substantial justification for the delay, and the prejudice to Defendants is significant given the inability to depose these witnesses or address these exhibits during the discovery period.

Accordingly, Defendants respectfully request that the Court bar Plaintiff from introducing these witnesses or documents at trial under Rule 37(c)(1).

10. **Motion *in limine* No. 10: Bar non-party witnesses from the courtroom when they are not testifying.**

Defendants move for an order *in limine* barring any witnesses, other than the parties to this case, from being present in the courtroom until their testimony is presented.

11. **Motion *in limine* No. 11 Bar evidence of settlement discussions or positions.**

Defendants move to bar any reference to or allusion to any efforts made by a party or former party to settle this matter, that any party has refused to settle this matter, or any settlement discussions whatsoever. Rule 408 bars evidence of settlement discussions "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." FED. R. EVID. 408. "The purpose of Rule 408 is to encourage settlements." *Bankcard Am., Inc. v. Universal Bancard Sys., Inc.*, 203 F.3d 477, 484 (7th Cir. 2000). That purpose is not served when one party introduces evidence of unsuccessful settlement at trial against another. *Id*. If the Court were to allow evidence of efforts to settle matters to be referenced during trial, it may cause parties to be less likely to enter into settlement negotiations. *Id*. Rule 408 was adopted to eliminate the possibility of prejudice and allow for freely negotiated settlements, and it should bar any mention of prior attempts to settle this matter. For the reasons set forth above, the Court should enter an order *in limine* barring any reference to or innuendo about any efforts made by a party or former party to settle this matter, any party's refusal to settle this matter, or any reference to settlement discussions.

12. **Motion *in limine* No. 12: Bar Reputation Evidence Against Defendants.**

Plaintiff may claim that Defendants had reputations toward being antagonistic, disrespectful, or provoking. Ultimately, such evidence of reputation would be a bold proffer to the jury that "The Defendants are liable because they are bad men." This evidence has no permissible

relevance to the issues in this case and should be excluded as improper character evidence under Federal Rule of Evidence 404. Rule 404 prohibits evidence of a person's character or character trait to prove on a particular occasion that the person acted in accordance with that character or trait. Subsection (b) further states that evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Any evidence of the Defendants' reputation as being antagonistic, disrespectful, or provoking is improper character evidence whose relevance is outweighed by the potential prejudice. Admitting such evidence would mislead the jury, encouraging them to decide the case based on personal animus or a general dislike of the Defendants, rather than on the facts and law relevant to Plaintiff's specific claims.

13. **Motion *in limine* No. 13: "Blue Wall," "Code of Silence," or Similar Speculative Evidence.**

Generalized allegations of a law enforcement code of silence or that officers cover up for other officers "is akin to the conclusion that all mechanics, when they have the opportunity, assess over-charges for unnecessary repair; that all politicians, when the public's back is turned, accept bribes; and that all taxpayers, when they think they can get away with it, cheat on their taxes -- and no one ever tells. In a court of law, however, justice is dispensed based on evidence of articulated and proven facts, not on generalized assumptions and prejudices." *Sanders v. City of Indianapolis*, 837 F. Supp. 959, 963 (S.D. Ind. 1992). The sole purpose for the introduction of this testimony is to invoke images in the fact-finder's mind that officers run amok to protect their own like they have seen in so many movies. The Court's decision, however, will be based upon facts, not the speculation or rumination of witnesses regarding the general nature of officers. In that regard this evidence is no different from bad acts evidence except that it is more illusory because it has no

particular connection to the Defendants. Accordingly, pursuant to Federal Rule of Evidence 401, 402 and 403, Plaintiff should be barred from adducing or presenting evidence of any alleged "code of silence."

14. **Motion *in limine* No. 14: Bar the Plaintiff from suggesting or asking the jury for a specific dollar amount.**

Defendants request the Court to bar Plaintiff from suggesting, or asking the jury for, a specific dollar amount of money as compensation for Plaintiff's alleged injuries during the trial of this matter, including during opening statement and closing argument. "Case law across the federal courts reflects that plaintiffs who choose not to provide damages computations cannot in turn offer such computations to a jury." *Sandoval v. American Building Maintenance Industries, Inc.*, 267 F.R.D. 257 (D. Minn. 2007); *Smith v. Chicago*, No. 15-cv-3467, 2020 U.S. Dist. LEXIS 268439, at *23-24 (N.D. Ill. Nov. 4, 2020).

In *Sandoval*, the district court noted:

> [I]f plaintiffs do intend to suggest a specific amount to the jury for emotional distress damages, plaintiffs shall be required to provide to defendants the basis for this figure. After all, if plaintiffs present a specific amount to the jury for compensatory damages, then presumably they have a basis and a means for arriving at the amount they are seeking. In short, in that situation, the calculation for emotional distress damages is not necessarily vague, and it would be unfair to defendants if plaintiffs could submit a specific dollar amount for damages to the jury without defendants having the opportunity to discover the basis for the claim and the opportunity before trial to rebut that basis. Further, this Court will not allow plaintiffs to wait until the eve of trial to provide defendants with this information.

*Id*. at 282-83. Similarly, in *Smith* the Illinois Northern District Court stated, in pertinent part as follows:

> This Court agrees with *Sandoval*'s reasoning and finds no support for Plaintiffs' contention that they can decline to provide a computation for non-economic damages to Defendants, only to later offer such a computation—apparently at or much closer to trial (and at Plaintiffs' discretion). Recognizing the difficulty of quantifying non-economic damages, Plaintiffs may choose not to provide a calculation for their alleged non-economic damages and leave the determination to a jury. In accordance with the Court's Order below, should Plaintiffs decline to disclose a figure for non-economic damages to Defendants, they risk preclusion from doing so later.

*Id*. Rule 26(a)(1)(A)(iii) obligates plaintiffs to provide:

> A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Compensatory damages "must be based on evidence and not speculation or guesswork." 7th Cir. Pattern Instruction 3.10. By refusing to disclose a computation of his non-economic damages, Plaintiff has denied Defendants the ability to investigate whether the specific amount requested at trial is based on evidence or is the result of speculation and guesswork. Plaintiff should be barred from suggesting, or asking the jury for, a specific dollar amount of money as compensation for Plaintiff's alleged injuries during the trial of this matter, including during opening statement and closing argument.

Pursuant to FRCP Rule 26(a)(1)(A)(iii), Defendants are entitled to a disclosure that provides a computation containing a specific amount of damages for each category of damages being claimed by Plaintiff. See Local Rule 26.2. Rule 26 does not exclude any type, or category of damages, from that computation. Plaintiff failed to make a Rule 26(a) disclosure providing computation of a specific amount of damages. Therefore, he has forfeited his opportunity to request a specific amount of non-economic and impairment damages from the jury. *See also*,

*Olsen v. Owners Ins. Co.*, No. 18-cv-1665, 2019 U.S. Dist. LEXIS 101048, at *28 (D. Colo. June 17, 2019); *De Varona v. Disc. Auto Parts, LLC*, No. 12-20714, 2012 U.S. Dist. LEXIS 191048, at *5-6 (S.D. Fla. June 19, 2012) ("[I]f Plaintiff decides not to disclose a computation for noneconomic damages at the initial disclosure phase, then Plaintiff is precluded from suggesting any amount of non-economic damages to the jury at any point or manner during the trial.").

Accordingly, any comment or argument asking the jury to award a specific dollar amount should be barred. Plaintiff's Rule 26(a)(1)(A)(iii) disclosures identified his computation of damages only as "to be determined by the jury," without providing any figures, amounts, or even a range of monetary damages. Defendants were therefore denied the opportunity to conduct discovery or prepare a defense against any particular amount. The jury's role is to determine damages based on the evidence presented and their common sense. Introducing a specific figure now would invite speculation untethered to Plaintiff's disclosures, risk anchoring the jury to an arbitrary number, and cause undue prejudice to Defendants.

15. **Motion *in limine* No. 15: Bar the Plaintiff from offering testimony referencing how long it took for the case to get to trial.**

Defendants request the Court bar any testimony, evidence or comment by Plaintiff during the trial of this matter that Plaintiff has had to wait many months/years to "get their day in court" as this is irrelevant and prejudicial. The Defendant also had to wait for their day in court and to suggest that any delay in the trial of this matter should be attributed to the Defendant is improper. Accordingly, evidence that Plaintiff has had to wait many months/years to "get their day in court" should be barred.

16. **Motion *in limine* No. 16: Bar evidence or testimony of other lawsuits involving Defendants, including the IDOC and State of Illinois relating to Stateville Correctional Center.**

Defendants request the Court bar reference to or inquiries about other lawsuits involving Defendants. Even if relevant, the danger of unfair prejudice, misleading the jury, and confusing the issues far outweighs the probative value of such evidence. Such testimony would not be relevant under Rule 401 and constitutes inadmissible character evidence under Rule 404(b). See Fed. R. Evid. 401, 404; *Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 494-95 (7th Cir. 1990). Defendants work with a particularly litigious subset of the population. Allowing Plaintiff to suggest that because Defendants have been sued in the course of their employment, they mistreated Plaintiff in this instance is unfair and not authorized by the Federal Rules of Evidence.

17. **Motion *in limine* No. 17: Bar Evidence that suggests that Defendant William and Hunter are liable simply because they were Warden or Duty Warden of F-House, respectively, at Stateville Correctional Center.**

Defendants anticipate that Plaintiff will present evidence that is based on an implicit theory of supervisory liability, which has been found to be an insufficient basis to state a claim under Section 1983. The doctrine of respondeat superior does not apply to actions filed under 42 U.S.C. 1983. *Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). To recover damages under a Section 1983 claim, a plaintiff must establish that the defendant was personally responsible for the deprivation of the constitutional right. *Kuhn v. Goodlow*, 678 F.3d 552, 555-56 (7th Cir. 2012). Failure to take corrective action cannot, in and of itself violate § 1983, otherwise the actions of a subordinate could be attributed to the government. *Soderbeck v. Burnett County*, *Wisc.*, 752 F.2d 285, 293 (7th Cir. 1985). Additionally, the Seventh Circuit has held: "For the purposes of a motion

to dismiss, a warden [or a Director] cannot be assumed to be directly involved in the prison's day-to-day operations. See *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir.1981). This principle does not impose a substantive limitation on a warden's [or a Director's] liability beyond the established one against vicarious liability. Nor does it raise the bar for the pleadings of a class of civil rights plaintiffs. It is simply the uniform application of a rule of construction: an inference that a warden is directly involved in a prison's daily operations is not reasonable. [...] The prison might be very small, the title "warden" might be used in an unusual way, or a warden might have temporarily taken on direct management of some aspects of the prison due to special circumstances. Nothing of that sort is alleged here." *Steidl v. Gramley*, 151 F.3d 739, 741-42 (7th Cir. 1998) (emphasis added). "Section 1983 does not authorize respondent superior or supervisory liability." *Moore v. Ill. Dep't of Corr.*, No. 19-cv-1206, 2020 U.S. Dist. LEXIS 6647, at *5 (S.D. Ill. Jan. 15, 2020) (internal citations omitted). Section 1983 creates liability "only for a defendant's personal acts or decisions" and "does not authorize 'supervisory liability.'" *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). Simply being aware of a violation taking place under one's supervision is also not enough to establish liability. *Thomas v. Kelly*, No. 20-cv-0734, 2021 U.S. Dist. LEXIS 107611, at *8 (N.D. Ill. Jun. 9, 2021) (citing *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982)); see *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) ("supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable"). Defendants can only be held liable for their own personal actions and his own knowledge, and cannot be liable for the knowledge or actions of those individuals whom they supervise. *Vinning-El*, 657 F.3d at 592; *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Additionally, "Public officials do not have a free-floating obligation to put things to rights . . Bureaucracies divide tasks; no prisoner is entitled to insist that one employee

do another's job." *Burks*, 555 F.3d at 595; see also *Hunter v. Mueske*, 73 F.4th 561, 567 (7th Cir. 2023) (a defendant is entitled to rely on the professional judgment and competence of the officials charged with handling those tasks).

      WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this Honorable Court grant Defendant's Motions *in Limine* and grant any further relief this Court deems proper and just.

Date: August 15, 2025                                  Respectfully Submitted,

KWAME RAOUL                                 s/*Kajal Patel*
Attorney General of Illinois                    Kajal Patel
                                                           ARDC #6346282
                                                           Assistant Attorney General
                                                           General Law Bureau
                                                           Prisoner Litigation Unit
                                                           115 S. LaSalle Street
                                                           Chicago, Illinois 60603
                                                           (773) 550-9687
                                                           Kajal.patel@ilag.gov